[No. 53707-5-I.   Division One.   July 25, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD BLAND, *Appellant.*

*Lenell R. Nussbaum*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Patrick J. Preston, Deputy*, for respondent.

¶1 BAKER, J. — Edward Bland challenges his conviction for second degree assault, arguing, among other things, that the jury was improperly instructed on the law of the defense. Because the jury instruction on defense of property was not manifestly clear, it was erroneous. The State's closing argument further confused the law, rather than clarified it. The flawed instruction was not harmless error; therefore, we reverse.

### I

¶2 Edward Bland invited Brenda Moore into his home after she called him from jail and asked if she could stay with him. Later that night, an argument ensued between Bland and Moore. They dispute the facts leading up to the conflict, but the situation escalated until Bland chased Moore around his house with a gun and into the bedroom, where Moore phoned the police.

¶3 A jury convicted Bland of second degree assault. He now appeals his conviction and sentence.

### II

¶4 Bland argues that the defense instruction was erroneous because it could be interpreted to require the jury to find that he reasonably believed that he was about to be injured before he could exert reasonable force to expel a malicious trespasser. In defense of property, there is no requirement to fear injury to oneself.[1]

---

[1] *See Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 506, 125 P.2d 681 (1942) ("It is the generally accepted rule that a person owning, or lawfully in possession of, property may use such force as is reasonably necessary under the circumstances in order to protect that property, and for the exertion of such force he is not liable either criminally or civilly."); 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 13.45 (2d ed. 2000) (explaining that reasonable force may be used by a property owner to prevent an unprivileged person from trespassing).

¶5 We review claimed errors of law in jury instructions de novo.[2] When read as a whole, jury instructions must make the legal standard " 'manifestly apparent to the average juror.' "[3]

¶6 The relevant part of instruction 12 reads:

> The use or attempt to use force upon or toward the person of another is lawful when used or attempted by a person who reasonably believes that he is about to be injured in preventing or attempting to prevent an offense against the person or a malicious trespass or other malicious interference with real or personal property lawfully in that person's possession, and when the force is not more than is necessary.

The lack of punctuation is problematic. When read literally, instruction 12 could be understood to require a finding that a defendant reasonably believed that he was about to be injured in preventing a malicious trespass: "The use or attempt to use force . . . by a person who reasonably believes that he is about to be injured in preventing or attempting to prevent . . . a malicious trespass." Of course, this literal interpretation would make the language concerning trespass and interference with property superfluous, because if a person acts with a reasonable belief that he is about to be injured, and uses necessary force to protect himself, he is acting in self-defense. Regardless, the instruction is unclear and therefore erroneous.

¶7 The State notes that RCW 9A.16.020, the statute defining justifiable force, also separates the types of lawful force with the conjunction "or" and closely resembles the instruction used.[4] Our Supreme Court has commented on the ambiguity in the statute:

---

[2] *Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 92, 896 P.2d 682 (1995).

[3] *State v. LeFaber*, 128 Wn.2d 896, 900, 913 P.2d 369 (1996) (quoting *State v. Allery*, 101 Wn.2d 591, 595, 682 P.2d 312 (1984)).

[4] RCW 9A.16.020(3) states: "The use, attempt, or offer to use force upon or toward the person of another is not unlawful . . . [w]henever used by a party about to be injured, or by another lawfully aiding him or her, in preventing or attempting to prevent an offense against his or her person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his or her possession, in case the force is not more than is necessary . . . ."

[T]he phrase "about to be injured" may be construed as referring either to injury in the general sense or merely to injury to one's person. If the former construction be adopted, then force may be used to the extent necessary to prevent a malicious interference with real or personal property lawfully in the possession of the person using the force; while if the second construction is the proper one, then it would seem that force may never be used in the protection of property.[5]

To the extent that RCW 9A.16.020 is unclear, it has been interpreted and clarified by the common law. But "[t]he standard for clarity in a jury instruction is higher than for a statute."[6] The instruction on defense of property must be manifestly clear.

¶8 Bland did not challenge instruction 12 below, however, so he may be granted relief only if this issue involves a "manifest error affecting a constitutional right."[7] The asserted error must be " 'truly of constitutional magnitude,' " which means that Bland must show that he was actually prejudiced by the error.[8] We have explained the proper approach to analyzing alleged constitutional error raised for the first time on appeal:

First, the reviewing court must make a cursory determination as to whether the alleged error in fact suggests a constitutional issue. Second, the court must determine whether the alleged error is manifest. Essential to this determination is a plausible showing by the defendant that the asserted error had practical and identifiable consequences in the trial of the case. Third, if the court finds the alleged error to be manifest, then the court must address the merits of the constitutional issue. Finally, if the court determines that an error of constitutional import was

---

[5] *Peasley*, 13 Wn.2d at 507. *See also State v. Murphy*, 7 Wn. App. 505, 513, 500 P.2d 1276 (1972).

[6] *LeFaber*, 128 Wn.2d at 902.

[7] RAP 2.5(a).

[8] *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995) (quoting *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492 (1988)).

committed, then, and only then, the court undertakes a harmless error analysis.[9]

Bland has raised a constitutional issue. Furthermore, there are practical and identifiable consequences to the erroneous instruction. The parties did not make the distinction between self-defense and defense of property clear to the jury in their closing arguments. The State explained that "you can use force if, one, you reasonably believe you're about to be injured. And two, to prevent an offense against your person or property." It later commented that Bland "was not using [the gun] to protect his property or his person because he didn't reasonably believe that he was about to be injured." The State not only neglected to make the law clear, it further confused the law.

¶9 The final question is whether the error was harmless. "Whether a flawed jury instruction is harmless error depends on the facts of a particular case."[10] An erroneous instruction is harmless if, based on the evidence, it appears beyond a reasonable doubt that the error did not contribute to the verdict.[11]

¶10 Whether the use of force used in the defense of property is greater than is justified by the existing circumstances is a question of fact for the jury to determine under proper instructions.[12] Bland testified that the following events ensued. He invited Moore into his home after she asked him if she could stay there for a couple of days. Late at night, Moore went into Bland's bedroom while he was in bed and started cursing at him. Bland told her to get out. Instead, Moore came closer and began poking him with her finger, claiming that she "whooped up a whole lot of mother fuckers bigger than [him]." Bland reached over and got his gun and Moore ran out of the room. Bland followed her

---

[9] *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992). *See also State v. Fields*, 87 Wn. App 57, 64, 940 P.2d 665 (1997).

[10] *State v. Carter*, 154 Wn.2d 71, 81, 109 P.3d 823 (2005).

[11] *Carter*, 154 Wn.2d at 81.

[12] *Peasley*, 13 Wn.2d at 506; *Murphy*, 7 Wn. App. at 514.

around the house a couple of times, until Moore went into his bedroom, shut the door, and called the police. Bland maintained that he did not point the gun at Moore.

¶11 A reasonable jury could conclude that Bland, an elderly man, used a reasonable means available to him at the time to convince Moore to leave his property. Although the use of deadly force is not justified to expel a mere nonviolent trespasser, under certain circumstances necessary force may include putting a trespasser in fear of physical harm.[13] We cannot conclude beyond a reasonable doubt that the erroneous instruction was harmless error.

¶12 In light of our holding, we do not reach Bland's additional arguments.[14]

¶13 Reversed and remanded.

Cox, C.J., and BECKER, J., concur.

---

[13] 16 DEWOLF & ALLEN, *supra*, § 13.45.

[14] Bland made three additional arguments: (1) the "to convict" instruction was erroneous because it failed to include elements of the crime; (2) constitutional error occurred when the prosecutor misstated the law during closing; and (3) the jury had improper ex parte communications with the court.