# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|                                     |   |                         |
|-------------------------------------|---|-------------------------|
| STATE OF WASHINGTON,                | ) | No. 67294-1-I           |
|                                     | ) |                         |
| Respondent,                         | ) | DIVISION ONE            |
|                                     | ) |                         |
| v.                                  | ) |                         |
|                                     | ) |                         |
| DONALD CHRISTOPHER MOORE,           | ) | UNPUBLISHED             |
|                                     | ) |                         |
| Appellant.                          | ) | FILED: August 26, 2013  |
|                                     | ) |                         |

Cox, J. — We granted the State's motion for discretionary review of a King County Superior Court's RALJ decision. The RALJ court reversed Donald Moore's fourth degree assault conviction after a retrial of his case in district court. The State contends that the RALJ court misapplied the Strickland v. Washington[1] standard in deciding that Moore received ineffective assistance of counsel in his first trial. Further, the State contends that the trial testimony of a principal witness in the first trial was properly admitted in the second trial, satisfying the requirements of both ER 804(b)(1) and the right to confrontation under the Sixth Amendment. We disagree with all of these contentions and affirm.

In 2007, the State charged Moore in district court with fourth degree assault. The charge arose from a physical altercation between Moore and Mark

---

[1] 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Storer, a tow truck driver and owner of a towing company. Moore saw that Storer was preparing to tow his car from a parking lot at an apartment complex that Moore was visiting. A scuffle ensued between the two, and Storer sustained physical injuries.

At Moore's first jury trial, Storer testified about the incident. Moore's counsel argued self-defense but not defense of property. The jury found Moore guilty as charged.

In the first RALJ appeal, Moore argued that he received ineffective assistance of counsel because his counsel failed to request a "no duty to retreat" instruction and failed to present a defense of property claim. The King County Superior Court reversed Moore's conviction on the first basis, but it did not reach the second argument. That court expressly stated there was both deficient performance and prejudice based on the failure to request the "no duty to retreat" instruction.

Before the retrial of Moore's case, Storer died for reasons unrelated to this case. At the second trial, Moore moved in limine to exclude Storer's testimony from the first trial. He argued that the requirements of ER 804(b)(1), a hearsay exception for former testimony, were not met. The district court denied this motion and admitted the former testimony.

The case proceeded to a second jury trial, and the district court instructed the jury on both self-defense and defense of property. The jury convicted Moore as charged.

On this RALJ appeal of his second conviction, a different judge of the superior court reversed Moore's conviction. The RALJ court determined that Moore's right to confrontation was violated and the requirements of ER 804(b)(1) were not met when the district court admitted Storer's former testimony at the second trial. In reaching this conclusion, the RALJ court determined that Moore received ineffective assistance of counsel at the first trial. It explained that Moore's counsel failed to "raise, explore, and request instructions on the affirmative defense of defense of property." The court did not expressly state whether this deficient performance was prejudicial, under the second prong of Strickland.

We granted the State's motion for discretionary review.[2]

**INEFFECTIVE ASSISTANCE OF COUNSEL**

The RALJ court's decision to reverse and remand Moore's second conviction is premised on its conclusion that Moore received ineffective assistance of counsel at his first trial. As a consequence, we first consider whether we agree that Moore received ineffective assistance before addressing the evidentiary and Confrontation Clause issues.

The State argues that the RALJ court's conclusion that Moore's counsel in the first trial was ineffective is unsupported by the trial record. We disagree.

---

[2] Order Granting Motion for Discretionary Review entered on April 18, 2012.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his trial.[3]

The reasonableness inquiry presumes effective representation.[4] To overcome this presumption, a defendant must show the absence of legitimate strategic or tactical reasons for the challenged conduct.[5]

To show prejudice, the defendant must prove that, but for the deficient performance, there is a reasonable probability that the outcome would have been different.[6]

"Failure to request an instruction on a potential defense can constitute ineffective assistance of counsel."[7]

*Deficient Performance*

A defendant may raise defense of property in response to criminal charges.[8] RCW 9A.16.020 states when the use of force to protect property is not unlawful:

---

[3] Strickland v. Washington, 466 U.S. at 687; State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

[4] McFarland, 127 Wn.2d at 335.

[5] Id. at 335-36.

[6] In re Pers. Restraint of Pirtle, 136 Wn.2d 467, 487, 965 P.2d 593 (1998).

[7] In re Pers. Restraint of Hubert, 138 Wn. App. 924, 929, 158 P.3d 1282 (2007).

[8] See, e.g., State v. Bland, 128 Wn. App. 511, 513-14, 116 P.3d 428 (2005).

The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases:

. . .

(3) Whenever used by a party about to be injured, or by another lawfully aiding him or her, in preventing or attempting to prevent an offense against his or her person, *or a malicious trespass, or other malicious interference with* real or *personal property lawfully in his or her possession, in case the force is not more than is necessary.*[9]

A defendant is entitled to a defense of property instruction if there is "credible evidence tending to prove" the defense of property.[10] "[A] defendant must produce evidence showing that he or she had a good faith belief in the necessity of force and that that belief was objectively reasonable."[11]

In In re Personal Restraint of Hubert, Hubert's counsel failed to identify and present the sole available defense to the charged crime, despite the fact that there was evidence to support that defense.[12] This court concluded that Hubert was denied effective assistance of counsel as a result of this failure and the resulting prejudice.[13]

There, Hubert was charged with "second degree rape under that part of the statute criminalizing sex with a person who is incapable of consent by reason

---

[9] (Emphasis added.)

[10] See State v. Dyson, 90 Wn. App. 433, 438, 952 P.2d 1097 (1997) (explaining when a defendant is entitled to a self-defense instruction).

[11] Id.

[12] 138 Wn. App. 924, 932, 158 P.3d 1282 (2007).

[13] Id.

of being physically helpless."[14] An affirmative defense to this charge is that the defendant reasonably believed that the person was capable of consent.[15] Hubert testified that he believed that the alleged victim was awake during the sexual encounter.[16] Despite this evidence, Hubert's attorney did not raise the affirmative defense.[17] Further, his attorney admitted that he "'was not familiar' with the statutory defense until Hubert's appellate counsel brought it to his attention."[18]

This court concluded that "[c]ounsel's failure to discover and advance the defense was plainly deficient performance."[19]

Here, Moore's counsel in his first trial argued that Moore acted in self-defense against Storer. But Moore's counsel failed either to request a defense of property instruction or argue this defense. This failure was in addition to counsel's demonstrated failure to either argue or request an instruction regarding "no duty to retreat."

During the first trial, Moore's testimony showed that his theories of self-defense and defense of property were based on intertwined factual bases. Moore testified that the altercation arose from pushing and shoving when Storer was preparing to tow Moore's car.

---

[14] Id. at 927.

[15] Id. at 929.

[16] Id.

[17] Id.

[18] Id.

[19] Id. at 930.

He also testified that he was defending his "body" and "property" during the incident. He believed Storer was "stealing" his car, and he "choose not to have [his] property stolen":

> When he, when I asked to move my car, it's my legal right to move my car, Washington State Patrol. That's the rule. When he put the hook on my car and I went to remove it, after asking him to move my car, then he was stealing my car.[20]

Moore testified that when he removed a hook used for towing his car, Storer jumped on his back and struck him. Moore claimed he fell to the ground and Storer was standing over him with the hook. He felt like Storer was going to hit him with the hook, so Moore hit Storer.

When Moore saw Storer preparing to tow his car, Moore claimed that he told Storer that his newborn son's birth certificate was in the backseat of his car. Then, he testified that Storer responded, "I don't give a f***. I'm taking it anyways."[21]

Objectively viewed, this testimony fits the criteria for defense of property: Moore claims he was attempting to prevent "a malicious trespass, or other malicious interference with . . . personal property lawfully in his . . . possession" and the force was "not more than is necessary."[22] Despite this testimony and the intertwined self-defense claim, Moore's counsel failed to raise defense of property. Whether a jury would have believed Moore is distinct from whether

---

[20] Clerk's Papers at 307.

[21] Id. at 301.

[22] RCW 9A.16.020.

7

there was evidence to fulfill the defense criteria. Like <u>Hubert</u>, Moore's counsel's performance was deficient for failing to advance this defense.[23]

The State argues that Moore fails to establish deficient performance because there was *no* credible evidence to support a defense of property instruction in the first trial. It contends that there was no credible evidence that (1) Moore's use of force was "*necessary*," (2) the force was used to protect "against a *malicious* trespass or other *malicious* interference," and (3) there was a "trespass" or "interference" because the apartment manager invited Storer to tow the vehicle. This view of the record is too narrow.

As just discussed above, there was evidence tending to support this defense, which entitled Moore to an instruction.[24] Because there was *some* evidence to support this defense, this argument is not persuasive.

The State also contends that the decision of counsel in the first trial to advance a self-defense theory and not a defense of property theory was legitimate trial strategy. We are not persuaded by this argument.

As discussed above, the two defenses were intertwined because they were based on closely related facts. They were not conflicting or otherwise inconsistent. Even if self-defense was deemed the better argument, there is no persuasive explanation why the intertwined argument as to defense of property should have been omitted.

---

[23] See <u>Hubert</u>, 138 Wn. App. at 930.

[24] See <u>Dyson</u>, 90 Wn. App. at 438.

The State further asserts that the RALJ court's determination that counsel was "unaware" of defense of property was not supported by the record. Whether counsel in the first trial was unaware of the defense is not determinative. What is determinative is that an available defense, supported by evidence in the record, was not advanced. And the argument that the decision was either tactical or strategic is not convincing.

*Prejudice*

As noted above, to show prejudice, a defendant must prove that but for the deficient performance, there is a reasonable probability that the verdict would have been different.[25] A reasonable probability is one sufficient to undermine confidence in the outcome.[26]

In Hubert, the case discussed above, this court explained how the defense counsel's "failure to discover and advance the [sole] defense"[27] resulted in prejudice in Hubert's trial:

> The jury was unaware that if Hubert reasonably believed Wood had capacity to consent, his belief constituted a defense to the charge. The jury thus had no way to understand the legal significance of the evidence supporting the reasonableness of Hubert's belief that Wood was awake and capable of consenting to his advances.[28]

---

[25] Pirtle, 136 Wn.2d at 487.

[26] State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

[27] Hubert, 138 Wn. App. at 930.

[28] Id. at 932.

Here, the deficient performance of Moore's first trial counsel was also prejudicial, given the State's theory of the case. During closing argument at the first trial, the State argued, without objection, "Even if [Storer] was stealing his car, does this give the defendant a right to hit him or should he have called the police, and say look, this guy's doing an unlawful tow[?]"[29] The State also argued, without objection, that Moore could not "claim self-defense for property."[30] Counsel's failure to object to both of these comments is unexplained. Further, Moore's counsel stated that this case was "not about [Moore's] car," and what was happening with the car "was happening on the periphery."[31]

Because Moore's counsel in the first trial failed to argue a defense of property theory, the State's argument about Moore's unlawful reaction was not refuted. Thus, like Hubert, the jury in the second trial did not have a way of understanding the legal significance of Moore's belief that Storer was "stealing" or unlawfully towing his car.[32] If Moore's counsel had advanced a defense of property theory, there is a reasonable probability that the outcome of the first trial would have been different, assuming the jury believed Moore.

---

[29] Clerk's Papers at 324.

[30] Id.

[31] Id. at 325.

[32] See Hubert, 138 Wn. App. at 932.

10

Thus, the RALJ court properly determined that Moore's counsel was "ineffective by failing to raise, explore, and request instructions on the affirmative defense of defense of property" in the first trial.[33]

The State asserts that the trial court failed to properly apply the prejudice prong of the Strickland standard. In its decision, the RALJ court explained that "it was patent ineffective assistance of counsel not to argue and seek a defense of property instruction under the circumstances and facts presented in this case."[34] In this court's order granting discretionary review, there was an expressed concern over the possible use of a "per se test for ineffective assistance."

As noted above, to show prejudice, a defendant must prove that but for the deficient performance, there is a reasonable probability that the verdict would have been different.[35] While the RALJ court did not expressly apply the prejudice prong of the Strickland standard, prejudice was necessarily implied in the ruling. The RALJ court explained that the "failure by counsel to properly raise [the defense of property] affected cross examination in a fundamental way. . . ."[36] Because self-defense and defense of property were intertwined based on the facts of this case, there was a reasonable probability that if both of the defenses had been presented, the outcome would have been different.

---

[33] Clerk's Papers at 331-32.

[34] Id. at 332.

[35] Pirtle, 136 Wn.2d at 487.

[36] Clerk's Papers at 332.

11

The State also argues that Moore is unable to establish prejudice. It contends that Moore remains "unable to explain exactly *what* questions he would have posed to Mr. Storer, had he been available to testify in the retrial, which could not have been answered by Ms. Robben, the property manager," in the second trial. This argument misses the point.

Whether a different witness could have answered the questions Moore would have asked Storer is not determinative. Moore did not have the opportunity for proper cross-examination of Storer on the unasserted defense of property argument. What Seneca Robben said in the second trial is not determinative of what occurred in the first trial.

In sum, the RALJ court did not err when it determined that Moore received ineffective assistance of counsel at the first trial because his counsel failed to raise "defense of property." This determination supports the analysis for the evidentiary and Confrontation Clause issues.

## ER 804(b)(1)

The State next argues that the RALJ court erroneously concluded that the district court abused its discretion by admitting Storer's former testimony. We disagree.

ER 804(b)(1) is a hearsay exception for the admission of a witness's former testimony when that witness is unavailable. Under this rule, "former testimony of an unavailable witness is admissible only if the party against whom

it is offered 'had an opportunity and similar motive to develop the testimony by . . . cross . . . examination' when the witness testified."[37]

This court reviews a trial court's admission of evidence for abuse of discretion.[38] A trial court abuses its discretion when it exercises its discretion on manifestly unreasonable or untenable grounds or reasons.[39]

Here, it is undisputed that Storer was "unavailable" for the second trial and that Moore had an opportunity and in fact cross-examined Storer at the first trial. Thus, the issue is whether Moore had a "similar motive" in both trials.

*Similar Motive*

The State argues that Moore had a "similar motive" when he cross-examined Storer in the first trial as compared to his second trial. We disagree.

In considering whether a defendant had a "similar motive" for purposes of the ER 804 analysis, we do not simply ask "whether at the two proceedings the questioner takes the same side of the same issue."[40] The court should also ask "whether the questioner had a substantially similar interest in asserting that side of the issue."[41] For example,

> "[i]f a fact is critical to a cause of action at a second proceeding but the same fact was only peripherally related to a different cause of

---

[37] State v. DeSantiago, 149 Wn.2d 402, 411, 68 P.3d 1065 (2003) (alterations in original) (quoting ER 804(b)(1)).

[38] Id.

[39] State v. Finch, 137 Wn.2d 792, 810, 975 P.2d 967 (1999).

[40] United States v. DiNapoli, 8 F.3d 909, 912 (2nd Cir. 1993).

[41] Id.

13

action at a first proceeding, no one would claim that the questioner had a similar motive at both proceedings to show that the fact had been established (or disproved)."[42]

In State v. DeSantiago, the supreme court considered whether the "similar motive" requirement of ER 804(b)(1) was met.[43] There, five men were charged with kidnapping.[44] During their trial, three key witnesses testified about the abduction.[45] But the jury was unable to reach a verdict.[46]

Three days before the retrial, the State explained that the three witnesses would not testify because they had moved and were afraid of the defendants.[47] The State moved to admit the witnesses' former testimony and the trial court granted this motion.[48]

For the retrial, the State added a new burglary charge.[49] On appeal, the defendants argued the trial court abused its discretion in admitting the former testimony because the new charge "produced a new or stronger motive to cross-examine" the witnesses.[50] The supreme court acknowledged that this issue

---

[42] Id. (quoting DiNapoli, 8 F.2d at 912).

[43] 149 Wn.2d 402, 413-15, 68 P.3d 1065 (2003).

[44] Id. at 408-09.

[45] Id. at 407.

[46] Id. at 408.

[47] Id. at 408-09.

[48] Id.

[49] Id. at 410, 413-14.

[50] Id. at 413.

14

raised a close question but determined that the trial court did not abuse its discretion when it admitted the former testimony.[51] The supreme court explained:

> Here, the defendants charged with burglary did not have reason to focus on [a witness's] description of damage to the inside of the house when they faced only kidnapping charges. However, they did have *some motive* to discredit those statements because cut phone lines and damage to the door suggested criminal intentions, contrary to the defendants' assertions that their interaction with [a witness] was friendly.[52]

In this explanation, the supreme court recognizes that while the charges in the two trials changed, the defense remained the same.[53] The defense was that the defendants' actions toward the alleged victim were "friendly."[54] This defense gave the defendants "some motive" to discredit statements in the first trial regarding the burglary charge, *i.e.*, damage to the alleged victim's home.[55] Thus, the court properly determined that the "similar motive" requirement was met.[56]

Here, in contrast, Moore did not have the same defenses in both trials. In the first trial, Moore's counsel *only* raised self-defense. In the second trial, Moore's counsel raised self-defense *and* defense of property. As a result, Moore's counsel in the first trial did not have a "similar motive" to cross examine

---

[51] Id. at 413, 415.

[52] Id. at 414-15 (emphasis added).

[53] Id.

[54] Id.

[55] Id.

[56] Id.

Storer in both trials, given the different defenses raised in the two trials. Instead, cross-examination focused only on self-defense.

In sum, the RALJ court properly determined that the district court abused its discretion when it admitted Storer's former testimony under ER 804(b)(1).

The State argues that "the superior court's decision regarding counsel's motive to conduct cross-examination is based upon a misapplication of the Strickland standard."[57] But as discussed above, the superior court correctly determined that Moore's counsel was ineffective in the first trial for failing to raise "defense of property." Thus, the only argument the State makes regarding "motive" is not persuasive.

## CONFRONTATION CLAUSE

The State argues that the RALJ court erred when it concluded that Moore's "right to confrontation was violated because his attorney in the first trial was ineffective by failing to raise, explore, and request instructions on the affirmative defense of defense of property."[58] We reach this question to emphasize the importance of the RALJ court's additional basis for its ruling: the violation of Moore's right to confrontation under the Sixth Amendment.

The Sixth Amendment Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."[59] "The confrontation clause prohibits admission of

---

[57] Brief of Appellant at 31.

[58] Id. at 22-27; see also Clerk's Paper at 331-32.

[59] U.S. CONST. amend. VI.

16

testimonial statements made out of court by a witness who is unavailable for trial unless there has been a prior opportunity for cross-examination."[60] This court reviews de novo whether a trial court has violated an accused's confrontation rights.[61]

Here, it is undisputed that Storer's testimony in the first trial was testimonial. It is also undisputed that he was "unavailable" for the second trial. Thus, the issue is whether Moore's opportunity for cross-examination at Storer's trial was "adequate to fulfill the purposes of the confrontation clause."[62]

### Adequacy of Cross-Examination

The State argues that Moore had an adequate opportunity to cross-examine Storer at the first trial.[63] It contends that Storer was "subjected to unfettered and properly motivated questioning about the facts underlying the assault."[64] We disagree.

As noted above, "The confrontation clause prohibits admission of testimonial statements made out of court by a witness who is unavailable for trial

---

[60] State v. Mohamed, 132 Wn. App. 58, 63, 130 P.3d 401 (2006); see also Crawford v. Washington, 541 U.S. 36, 54-55, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

[61] Mohamed, 132 Wn. App. at 63-64.

[62] Id. at 65; see also Crawford, 541 U.S. at 57 ("[P]rior trial or preliminary hearing testimony is admissible only if the defendant had an adequate opportunity to cross-examine.").

[63] Brief of Appellant at 27.

[64] Id.

unless there has been a prior opportunity for cross-examination."[65] The

Confrontation Clause's "primary interest" is to secure "the right of cross-

examination, 'the principal means by which the believability of a witness and the

truth of his testimony are tested.'"[66] This clause guarantees an adequate

opportunity for "full and effective" cross-examination.[67]

In State v. Mohamed, this court explained that "similarity of motive is a

useful and relevant tool" when conducting a Confrontation Clause analysis.[68]

Here, Moore cross-examined Storer at the first trial, but this examination

was not "full and effective." It omitted exploration of Moore's defense of property,

though Storer was the only other witness with first-hand knowledge of the events.

---

[65] Mohamed, 132 Wn. App. at 63; see also Crawford, 541 U.S. at 54-55.

[66] State v. Foster, 135 Wn.2d 441, 456, 957 P.2d 712 (1998) (internal quotation marks omitted) (quoting Kentucky v. Stincer, 482 U.S. 730, 736, 107 S. Ct. 2658, 96 L. Ed. 2d 631 (1987)).

[67] California v. Green, 399 U.S. 149, 158, 90 S. Ct. 1930, 26 L. Ed. 2d 489 (1970); see also Davis v. Alaska, 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); 5C KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 1300.13 (2007) ("Prior to Crawford's redefinition of the right to confrontation in 2004, a line of cases held that when the State introduced a declarant's out-of-court statement pursuant to an exception to the hearsay rule, and the declarant was present at trial, the defendant was entitled to full and effective cross-examination of the declarant at trial. The cases defining 'full and effective' in this context may continue to be instructive, at least when the State is introducing testimonial hearsay.")

[68] 132 Wn. App. 58, 66, 130 P.3d 401 (2006); see also State v. Benn, 161 Wn.2d 256, 265, 165 P.3d 1232 (2007) ("Both the Sixth Amendment's confrontation clause and ER 804(b)(1) bar admission of previous testimony of an unavailable witness, unless the defendant had a prior opportunity *and similar motive* to cross-examine the witness.") (emphasis added).

18

For these reasons, the RALJ court properly concluded that Moore's right to confrontation was violated when the district court admitted Storer's former testimony. Moore was not able to fully and effectively cross-examine Storer regarding defense of property.

Further, the State does not argue that any error was harmless beyond a reasonable doubt.[69] Accordingly, we conclude that the RALJ court did not err when it reversed and remanded this case.

The State argues that "Storer was subjected to unfettered and properly motivated questioning about the facts underlying the assault," which satisfies the Confrontation Clause.[70] While Moore's counsel in the first trial had "unfettered" opportunity to cross-examine Storer in the first trial, the questioning was not properly motivated for the reasons discussed above. Thus, this argument is not persuasive.

The State also contends that defense counsel's choice to "pursue one legitimate affirmative defense over another questionable affirmative defense has no bearing on whether the Confrontation Clause was satisfied."[71] But, as discussed above, defense counsel's "choice" constituted ineffective assistance of counsel in the first trial. Thus, this ineffective assistance prevented Moore from "full and effective" cross-examination of Storer during the first trial.

---

[69] See, e.g., Benn, 161 Wn.2d at 266.

[70] Brief of Appellant at 27.

[71] Id.

We affirm the RALJ court's reversal and remand for further proceedings.

_____Cox, J._____

WE CONCUR:

_____                    _____