IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| STATE OF WASHINGTON, | ) | No. 68574-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | ORDER WITHDRAWING AND |
| | ) | SUBSTITUTING OPINION |
| KENNETH FRANKLIN MILLER, | ) | |
| | ) | |
| Appellant. | ) | |

On September 3, 2014, the Washington Supreme Court entered an order

granting the petition for review filed by the State of Washington and remanded to

this court in light of the decision in State v. Johnson, 180 Wn.2d 295, 325 P.3d

135 (2014). The panel has determined that the opinion filed on October 28, 2013

should be withdrawn and a substitute opinion filed affirming the conviction. Now,

therefore, it is hereby

ORDERED that the opinion filed on October 28, 2013 shall be withdrawn

and a substitute unpublished opinion affirming the conviction shall be filed.

DATED this _9th_ day of _February_ 2015.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68574-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| KENNETH FRANKLIN MILLER, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 9, 2015 |

SCHINDLER, J. — Kenneth Franklin Miller appeals his conviction of assault in the second degree. Miller asserts the jury instructions misstate the law and relieve the State of its burden of proof by stating the jury need only find that he disregarded a "wrongful act" rather than "substantial bodily harm." Adhering to our decision in State v. Johnson, 172 Wn. App. 112, 297 P.3d 710 (2012), we reversed. State v. Miller, 177 Wn. App. 1019, 2013 WL 5800748. In State v. Johnson, 180 Wn.2d 295, 307-08, 325 P.3d 135 (2014), the Washington Supreme Court held that the instruction defining "reckless" need not include the specific statutory language where the to-convict instruction properly set forth the elements of the crime. The court granted the petition for review in this case and remanded for reconsideration in light of Johnson. Consistent with the Supreme Court decision in Johnson, we affirm the conviction.

United Parcel Service (UPS) driver Randall Rasar delivered packages to Kenneth Franklin Miller's house in Bellevue approximately once every other month for 10 to 15 years.

On November 6, 2009, UPS notified Miller that he needed to sign for the delivery scheduled that evening. At approximately 6:00 p.m., Rasar parked the UPS truck at the end of the sloping driveway leading to Miller's house and walked up the driveway to the front porch.

Miller said that Rasar rang the doorbell "several times" and "pound[ed]" on the door with his flashlight. Miller said that after Rasar walked down the stairs of the front porch, he turned around and told Miller, "[E]njoy your package jerk." According to Rasar, he rang the doorbell only once and "tapped" on Miller's door with his flashlight. Rasar admitted that as he was leaving, he muttered, "What a jerk, under [his] breath."

Rasar testified that he was only a few feet from the truck when Miller grabbed him from behind, shoved him into the side of the truck, and began punching him in the back of his head and body. Rasar suffered a broken nose and abrasions on his face, arms, knees, and hip.

The State charged Miller with assault in the second degree of Rasar. The State alleged that Miller intentionally assaulted Rasar and recklessly inflicted substantial bodily harm. Miller asserted he used lawful force to defend himself.

The State called a number of witnesses to testify at trial. Miller testified and denied hitting Rasar. Miller said that he pushed Rasar down the driveway after Rasar hit him. A doctor testified that Miller had a number of contusions and bruises on his "right cheek, left forearm, [and] right elbow."

2

The court instructed the jury on self-defense. The court refused to give an instruction proposed by the defense that defines "reckless" to mean acting "with the intent to cause substantial bodily harm"[1] and an instruction on battery. The jury convicted Miller of assault in the second degree.

On appeal, Miller argued the jury instructions misstated the law by incorrectly defining "reckless" as "a wrongful act," thereby relieving the State of its burden of proving an essential element of assault in the second degree.[2] We adhered to our decision in Johnson and reversed.

In Johnson, 172 Wn. App. at 112, we addressed whether a jury instruction defining "reckless" as "a wrongful act" lowered the State's burden of proof. In Johnson, the State charged the defendant with three counts of assault in the second degree. Johnson, 172 Wn. App. at 118. The to-convict instruction properly required the State to prove that the defendant " 'recklessly inflicted substantial bodily harm.' " Johnson, 172 Wn. App. at 129-30.[3] But the instruction defining "reckless" required the State to

---

[1] The defense instruction defining "reckless" states:

> A person is reckless or acts recklessly when he knows of and disregards a substantial risk that substantial bodily injury may occur and disregarding this risk is a gross deviation from conduct that a reasonable person would exercise in the same situation.
>
> A person also recklessly causes substantial bodily harm if he acted with the intent to cause substantial bodily harm.

[2] RCW 9A.36.021 defines the crime of assault in the second degree, in pertinent part:

(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

> (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm.

RCW 9A.08.010(1)(c) defines "reckless" as follows:

A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may occur and his or her disregard of such substantial risk is a gross deviation from conduct that a reasonable person would exercise in the same situation.

[3] Emphasis omitted.

3

prove the defendant disregarded the risk of " 'a wrongful act.' " Johnson, 172 Wn. App. at 130.[4] We reversed and held the jury instruction defining "reckless" should have used the specific statutory language for assault in the second degree of "substantial bodily harm" rather than "wrongful act." Johnson, 172 Wn. App. at 132-33.

The Washington State Supreme Court reversed. State v. Johnson, 180 Wn.2d 295, 307-08, 325 P.3d 135 (2014). The court held that where the to-convict instruction properly set forth the elements of the crime, the instruction defining "reckless" need not include the specific statutory language. Johnson, 180 Wn.2d at 306. The court also held the instruction defining "reckless" did not relieve the State of its burden of proof because the to-convict instruction properly laid out the essential elements of the crime of assault in the second degree. Johnson, 180 Wn.2d at 306. Because the " 'to convict' instruction[,] the primary 'yardstick' the jury uses to measure culpability," was accurate, "[t]aken in their entirety," the instructions were sufficient. Johnson, 180 Wn.2d at 306.

> It is not error to instruct the jury on the generic definition of "reckless" as long as the jury is also given a "to convict" instruction that lists every element of the crime the State needs to prove in order to convict the defendant, including the charge-specific language for "reckless."

Johnson, 180 Wn.2d at 298.

Here, as in Johnson, although the definition of "reckless" defines "a substantial risk" as "a wrongful act," the to-convict jury instruction correctly states that the State must prove beyond a reasonable doubt that Miller recklessly inflicted substantial bodily

---

[4] Emphasis in original.

harm. [5] The to-convict jury instruction states:

> To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about the 6[th] day of November, 2009, the defendant intentionally assaulted Randall Rasar;
>
> (2) That the defendant thereby recklessly inflicted substantial bodily harm on Randall Rasar;
>
> (3) That the defendant was not acting in self-defense; and
>
> (4) That the acts occurred in the State of Washington.
>
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
>
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Miller also argues the court erred by refusing to give the instruction the defense proposed on battery. We disagree. "Assault by battery does not require specific intent to inflict harm or cause apprehension; rather, battery requires intent to do the physical act constituting assault." State v. Hall, 104 Wn. App. 56, 62, 14 P.3d 884 (2000). The court did not err in refusing to give the defense instruction on battery.

Miller contends the court violated his right to present a defense by refusing to give his proposed jury instruction on "defense of property."

A defendant is entitled to have the court instruct the jury on its theory of the case if evidence supports the instruction. State v. Hughes, 106 Wn.2d 176, 191, 721 P.2d 902 (1986); see also State v. Walden, 131 Wn.2d 469, 473, 932 P.2d 1237 (1997) ("To

---

[5] The jury instruction defining "reckless" states:

> A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act or result may occur and this disregard is a gross deviation from conduct that a reasonable person would exercise in the same situation.
>
> When recklessness is required to establish an element of a crime, the element is also established if a person acts intentionally or knowingly as to that fact or result.

Miller objected to the court's instructions "to the extent these instructions are not the same as what I offered."

be entitled to a jury instruction on self-defense, the defendant must produce some evidence demonstrating self-defense."). A defendant is not entitled to an instruction that is not supported by the evidence. State v. Ager, 128 Wn.2d 85, 93, 904 P.2d 715 (1995). The court reviews the denial of a proposed instruction based on the evidence at trial for abuse of discretion. State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998). To determine if the evidence supports giving the proposed jury instruction, the court views the evidence in the light most favorable to the defendant. State v. Fernandez-Medina, 141 Wn.2d 448, 455-56, 6 P.3d 1150 (2000).

It is a defense to the charge of assault that the force used was lawful. See State v. McCullum, 98 Wn.2d 484, 494, 656 P.2d 1064 (1983) (self-defense negates the intent element of a crime).

Use of force is lawful when used by a party "in preventing or attempting to prevent . . . a malicious trespass, or other malicious interference with real or personal property lawfully in his or her possession," so long as the force "is not more than is necessary." RCW 9A.16.020(3). RCW 9A.16.020 states, in pertinent part:

> The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases:
>
> . . . .
>
> (3) Whenever used by a party about to be injured, or by another lawfully aiding him or her, in preventing or attempting to prevent an offense against his or her person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his or her possession, in case the force is not more than is necessary.[6]

Viewed in the light most favorable to Miller, sufficient evidence did not support giving a jury instruction on defense of property. The defense theory at trial was that Miller was acting in self-defense, not defense of his property. During cross-

---

[6] Emphasis added.

examination, Miller specifically denied he was acting in defense of his property.

> Q: When this incident happened, when Mr. Rasar ended up on the side of that truck, you were not defending your property.
> A: I was defending my person.
> Q: Okay. I asked you, were you defending your property?
> A: No.

On redirect, Miller testified he was acting in self-defense.

> Q: So when you said you were not defending your property when you pushed him down the driveway, did you mean because you were not responding to the damage to your door. Is that correct?
> A: He had struck me and I was, yeah, trying not to get, excuse me, hit again and so--
>
> . . . .
>
> Q: So why did you push him all the way down the driveway?
> A: Because I wanted him off my property.
> Q: In that sense you were defending your property?
> A: I was struck in the face and I was trying not to get struck again, so I figured I should be safe on my own property.

The court instructed the jury on self-defense but, based on Miller's testimony that he was "not acting in defense of his property," refused to give the proposed instruction on defense of property. The court did not err in refusing to instruct the jury on defense of property.

State v. Bland, 128 Wn. App. 511, 116 P.3d 428 (2005), is distinguishable. In Bland, the elderly defendant chased a guest around his house and into a bedroom with a gun after the guest threatened him and refused to leave. Bland, 128 Wn. App. at 516-17. The court instructed the jury on the defense of property, and the jury convicted the defendant of assault in the second degree. Bland, 128 Wn. App. at 513. This court reversed, holding that the instruction given was erroneous because it "could be understood to require a finding that a defendant reasonably believed that he was about to be injured in preventing a malicious trespass." Bland, 128 Wn. App. at 514. Because

7

such belief is not a requirement of defense of property, the court held that the instruction confused the distinction between self-defense and defense of property. Bland, 128 Wn. App. at 515-16.

Miller also contends the court erred in instructing the jury that if it finds each element of assault in the second degree, "then it will be your duty to return a verdict of guilty." In State v. Meggyesy, 90 Wn. App. 693, 958 P.2d 319 (1998), we squarely addressed and rejected the same argument. See Meggyesy, 90 Wn. App. at 699-701 (a court does not err by instructing a jury that it has a duty to convict if it finds all of the elements of the crime proven beyond a reasonable doubt), abrogated on other grounds by State v. Recuenco, 154 Wn.2d 156, 110 P.3d 188 (2005).

We affirm the jury conviction of assault in the second degree.

WE CONCUR: