[No. 3469–2. Division Two. July 19, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. EUGENE VICTOR FISCHER, *Appellant.*

*Malcolm L. Edwards,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Richard L. Peterson, Deputy,* for respondent.

PETRIE, J.—Defendant, Eugene Victor Fischer, appeals from his conviction of second–degree assault. RCW 9A.36-.020. At trial, he readily acknowledged striking the alleged victim with a flashlight, but asserted his actions were justified because he was lawfully defending himself and his employees. We hold that the trial court's instruction regarding the circumstances under which defendant was entitled to use force to defend himself and others did not provide the jury with an adequate standard upon which to measure the defendant's action. Accordingly, we reverse his conviction and remand the cause for new trial.

Shortly after midnight on December 11, 1977, Nick Lester and two friends entered the Bull & Bash Tavern in Bremerton. Defendant, who is part–owner of the Bull & Bash, was on duty at the entrance. He first noticed the three men when they walked past him without paying the cover charge and without letting him check their identification. Before he had an opportunity to confront them, he received a complaint from a female patron concerning Lester's behavior. Defendant decided to ask him to leave the tavern. Defendant and one of the bouncers, Bob Haney, approached Lester for this purpose. At this point two different versions of the incident emerge.

According to defendant, Lester started fighting with Haney; Haney was thrown to the floor; and Ray Jaworski, another bouncer, joined in the fray. Lester became more and more aggressive, and Jaworski had a difficult time controlling him. He deliberately threw a pull–tab machine at the bartender, Patricia Watson, who then sprayed him with mace. By this time, Lester was enraged. He was attempting to climb over the bar to "get" Watson when Jaworski called for help. Two policemen entered the bar on a routine "walk through" just as defendant hit Lester on the head with his large metal flashlight.

Lester's version of the encounter is, of course, quite different. It indicates the defendant and his employees were the aggressors. Nevertheless, as long as the record contains substantial evidence which, if believed by a jury, would justify defendant's actions, the jury must be properly advised of the law of self–defense and defense of others.

Defendant asserts that the trial court erred in refusing to instruct the jury as follows:

> If at the time of the alleged assault defendant as a *reasonably and ordinarily prudent man believed* he and/or another were in danger of great bodily harm, he would have the right to resort to self–defense and *his conduct is to be judged by the conditions appearing to him at that time, not by the conditions as they might appear when the threat of harm no longer exists.*

(Italics ours.)

In place of defendant's proposed instruction, the court gave the following charge:

> It is a defense to a charge of Second Degree Assault that the force used was lawful as defined in this instruction.
>
> The use of force upon or toward the person of another is lawful when used by someone lawfully aiding a person about to be injured in preventing or attempting to prevent an offense against the person, and when the force is not more than is necessary.
>
> *Necessary means that no reasonably effective alternative to the use of force appeared to exist and that the*

*amount of force used was reasonable to effect the lawful purpose intended.*

(Italics ours.)

■ The italicized portion of the court's instruction is a direct quote from RCW 9A.16.010 and WPIC § 16.05; and the remainder is consistent with WPIC § 17.02. Another division of this court has recently held, and we agree, that the provisions of the new criminal code were not intended to abrogate common–law self–defense requirements. *State v. Bailey,* 22 Wn. App. 646, 591 P.2d 1212 (1979); *State v. Fesser,* 23 Wn. App. 422, 595 P.2d 955 (1979). Therefore, the court's instruction can stand only if it included the essential element that the person using the force need only reasonably believe, in light of all the facts and circumstances known to him, that he or another person is in danger. *State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965); *State v. Miller,* 141 Wash. 104, 250 P. 645 (1926); *State v. Dunning,* 8 Wn. App. 340, 506 P.2d 321 (1973). As the court noted in *State v. Bailey, supra* at 650:

> Necessity must . . . be considered by the jury standing in the shoes of the defendant. The applicable standard is that persons may use that degree of force necessary to protect themselves as a reasonably prudent man or woman would use under the conditions appearing to them at the time.

■ The trial judge refused the proposed instruction not because he believed it was an improper statement of the law, but because he was satisfied that the "subjective" common–law standard was "inherent" in the instruction given. We appreciate that this argument is appealing to the trained legal mind. However, the instruction can be said to be sufficient only if it makes the subjective standard manifestly apparent to the average juror. In our view, it does not meet that test. The prejudice to the defendant is apparent. Accordingly, we reverse the conviction and remand for new trial.

■ Although our resolution of this issue is determinative of this appeal, it seems prudent to briefly address

defendant's other two assignments of error. Defendant contends that the trial court erred by instructing the jury that one who comes to the aid of an aggressor cannot claim that he acted in the defense of himself or another. The Supreme Court recently overruled prior case law and declared that an individual who acts in defense of another person, reasonably believing him to be the "innocent party," is justified in using force to protect that person even if, *in fact,* the party protected was the aggressor. *State v. Penn,* 89 Wn.2d 63, 568 P.2d 797 (1977). If an issue regarding defendant's right to defend an aggressor is raised on retrial, instructions consistent with the holding of *State v. Penn, supra,* should be given.

Finally, defendant argues that the trial court erred in not instructing the jury regarding his right to use force to defend his *property.* Defendant bases this argument on his analysis of RCW 9.01.200.[1] Although this issue was not raised at trial, it now appears that it may be raised on retrial.

■ We have only recently observed that this statute merely provides a means of indemnification and reimbursement for damages sustained by an individual who is acquitted on a self–defense theory. *State v. Crigler,* 23 Wn. App. 716, 598 P.2d 742 (1979). The statute does not expressly or impliedly expand the common–law and statutory right to use reasonable force to protect one's property.

---

[1]RCW 9.01.200 states:

"No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself, his family, *or his real or personal property,* or for coming to the aid of another who is in imminent danger of or the victim of aggravated assault, armed robbery, holdup, rape, murder, or any other heinous crime.

"When a substantial question of self defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his defense." (Italics ours.)

The reasonableness of that force is measured by the common law of this state, limitations imposed by RCW 9A.16-.020, and judicial interpretations of that statute. If defense of property becomes an issue on retrial, instructions should be drawn from the appropriate sources. *See State v. Murphy,* 7 Wn. App. 505, 500 P.2d 1276 (1972); *State v. Madry,* 12 Wn. App. 178, 529 P.2d 463 (1974); *State v. Ladiges, supra; Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 125 P.2d 681 (1942).

Judgment is reversed and the cause is remanded for new trial.

REED, A.C.J., and SOULE, J., concur.

Reconsideration denied August 16, 1979.

Review denied by Supreme Court November 30, 1979.