[No. 63090-9. En Banc. March 28, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. VICTOR A. LeFABER, *Petitioner*.

*Stiley & Associates*, by *Patrick K. Stiley*, for petitioner.
*John G. Wetle, Prosecuting Attorney*, for respondent.

DOLLIVER, J. — Defendant Victor A. LeFaber challenges a trial court instruction as erroneously requiring that the jury find actual danger of imminent harm to accept his claim of self-defense. The court agrees the jury instruction failed to make manifestly clear the law of self-defense and thereby prevented Defendant from obtaining a fair trial. We reverse Defendant's conviction.

On the night of December 11, 1989, Defendant shot and killed Evan Stephens. *See State v. LeFaber*, 77 Wn. App. 766, 767-68, 893 P.2d 1140 (1995). Charged with second degree murder, Defendant argued self-defense, asserting Stephens' drunken belligerence that night and reputation for violence created a credible threat of imminent danger to justify the killing. The trial court gave a single jury instruction, instruction 20, explaining the requirements of self-defense:

> It is a defense to a charge of Murder in the Second Degree, Manslaughter in the First Degree, and Manslaughter in the Second Degree that the homicide was justifiable as defined in this instruction.
>
> Homicide is justifiable when committed in the lawful defense of the defendant or any person in the defendant's

presence or company when the defendant reasonably believes that the person slain intends to inflict death or great personal injury and there is imminent danger of such harm being accomplished.

The defendant may employ such force and means as a reasonably prudent person would use under the same or similar conditions as they appeared to the defendant taking into consideration all the facts and circumstances known to the defendant at the time and prior to the incident. The force employed may not be more than is necessary.

The State has the burden of proving beyond a reasonable doubt that the homicide was not justifiable.

Clerk's Papers at 36.

The jury found Defendant guilty of first degree manslaughter. The Court of Appeals affirmed the conviction, with Judge Schultheis concurring in part, dissenting in part. *LeFaber*, 77 Wn. App. at 772. The Supreme Court granted discretionary review.

Defendant primarily complains instruction 20 contained an impermissible ambiguity allowing jurors to misinterpret the elements of self-defense as requiring a finding of actual harm. Defendant also challenges his conviction on the grounds the trial court failed to provide an instruction on the State's burden of proof in a self-defense claim, erroneously excluded witness testimony regarding the victim's prior violent acts, and committed cumulative errors. Because we reverse Defendant's conviction on the basis of the ambiguous self-defense instruction, we need not reach his additional arguments.

■ The standard for self-defense is well settled. A jury may find self-defense on the basis of the defendant's subjective, reasonable belief of imminent harm from the victim. *State v. Janes*, 121 Wn.2d 220, 238-39, 850 P.2d 495, 22 A.L.R.5th 921 (1993); *State v. Allery*, 101 Wn.2d 591, 594-95, 682 P.2d 312 (1984). A finding of actual imminent harm is unnecessary. *State v. Theroff*, 95 Wn.2d 385, 390, 622 P.2d 1240 (1980); *State v. Miller*, 141 Wash.

104, 105, 250 P. 645 (1926). Rather, the jury should put itself in the shoes of the defendant to determine reasonableness from all the surrounding facts and circumstances as they appeared to the defendant. *Janes*, 121 Wn.2d at 238-39; *Allery*, 101 Wn.2d at 594; *State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064 (1983); *State v. Wanrow*, 88 Wn.2d 221, 235-36, 559 P.2d 548 (1977).

██ ██ Jury instructions must more than adequately convey the law of self-defense. *Allery*, 101 Wn.2d at 595. The instructions, read as a whole, must make the relevant legal standard " ' "manifestly apparent to the average juror." ' " *Allery*, 101 Wn.2d at 595 (quoting *State v. Painter*, 27 Wn. App. 708, 713, 620 P.2d 1001 (1980), *review denied*, 95 Wn.2d 1008 (1981)). In *Allery*, for example, the court disapproved a jury instruction that adequately conveyed the reasonableness standard for self-defense but, by omitting a direction to consider all surrounding circumstances, failed to make that standard manifestly clear. *Allery*, 101 Wn.2d at 593, 595. A jury instruction misstating the law of self-defense amounts to an error of constitutional magnitude and is presumed prejudicial. *See, e.g., McCullum*, 98 Wn.2d at 487-88; *Wanrow*, 88 Wn.2d at 237.

Although this court has approved as constitutional self-defense instructions identical or similar to instruction 20, we have not yet had occasion to address the specific challenge Defendant raises here. *See State v. Benn*, 120 Wn.2d 631, 658 & n.5, 845 P.2d 289, *cert. denied*, 114 S. Ct. 382, 126 L. Ed. 2d 331 (1993); *State v. Jones*, 95 Wn.2d 616, 623-24, 628 P.2d 472 (1981); *see also State v. Brenner*, 53 Wn. App. 367, 375-76, 768 P.2d 509, *review denied*, 112 Wn.2d 1020 (1989); *State v. Negrin*, 37 Wn. App. 516, 521-22 n.1, 681 P.2d 1287, *review denied*, 102 Wn.2d 1002 (1984); *State v. Heath*, 35 Wn. App. 269, 273, 666 P.2d 922, *review denied*, 100 Wn.2d 1031 (1983). Defendant objects to the language "there is imminent harm" and its placement in the instruction as permitting two reasonable interpretations, one an accurate statement of the law and one erroneous. Jurors could obtain the proper statement of the

law by reading the sentence as: "when the defendant reasonably believes that . . . there is imminent danger of such harm being accomplished." At the same time, jurors could as easily believe actual harm was required by reading the sentence as: "when . . . there is imminent danger of such harm being accomplished."

The State asserts instruction 20 adequately conveys the law of self-defense because its language mirrors that of the current pattern jury instruction:

> Homicide is justifiable when committed in the lawful defense of [the slayer] when:
>
> (1) the slayer reasonably believed that the person slain intended [to inflict death or great personal injury];
>
> (2) *there was imminent danger of such harm being accomplished*; and
>
> (3) the slayer employed such force and means as a reasonably prudent person would use under the same or similar conditions as they reasonably appeared to the slayer, taking into consideration all the facts and circumstances as they appeared to [him], at the time of . . . the incident.

(Italics ours.) 11 Washington Practice, *Washington Pattern Jury Instructions* 196 (2d ed. 1994) (WPIC 16.02). The court has upheld WPIC 16.02 against other attacks on its statement of the law of self-defense. *Jones*, 95 Wn.2d at 623; *State v. Martineau*, 38 Wn. App. 891, 895, 691 P.2d 225 (1984), *review denied*, 103 Wn.2d 1020 (1985); *see also Negrin*, 37 Wn. App. at 521 & n.1; *Heath*, 35 Wn. App. at 273.

Because the word "actual" does not appear in either the pattern jury instruction or instruction 20, maintains the State, the jury could not become confused as to the requirements of self-defense. Indeed, instruction 20 also parallels the statutory provision for self-defense:

> Homicide is also justifiable when committed either:
>
> (1) In the lawful defense of the slayer . . . when there is reasonable ground to apprehend a design on the part of the

person slain to commit a felony or to do some great personal injury to the slayer or to any such person, *and there is imminent danger of such design being accomplished*[.]

(Italics ours.) RCW 9A.16.050(1).

Refusing the State's reliance on the pattern jury instruction and statute to justify instruction 20, the Court of Appeals conceded to Defendant that the language "there is imminent danger" may confuse a jury depending on the structure of the instruction. *LeFaber*, 77 Wn. App. at 770-71. The structure of WPIC 16.02 could mislead a jury because the imminent danger requirement is set off by a separate number and thus lacking connection to the reasonable belief qualifier. *See LeFaber*, 77 Wn. App. at 771. By the same analysis, the statute is equally misleading because the comma preceding the imminent danger phrase signals an independent clause, thereby severing that requirement from the necessary reasonableness qualifier. *See* RCW 9A.16.050(1). The Court of Appeals distinguished instruction 20, however, determining the conjunction "and" joined the clause "there is imminent danger" to the phrase "reasonably believed" to assure the appropriate statement of the law. *LeFaber*, 77 Wn. App. at 771.

■■ The reasoning of the Court of Appeals ignores the ambiguity of the grammatical structure of instruction 20. Rather, we agree with Judge Schultheis' analysis in his partial dissent. *LeFaber*, 77 Wn. App. at 774 (Schultheis, J., concurring in part, dissenting in part). Although lacking the glaring structural difficulties of WPIC 16.02 and the statute, instruction 20 still permits an erroneous interpretation of the law as requiring actual danger. The standard for clarity in a jury instruction is higher than for a statute; while we have been able to resolve the ambiguous wording of RCW 9A.16.050 via statutory construction, a jury lacks such interpretive tools and thus requires a manifestly clear instruction. *See Allery*, 101 Wn.2d at 595. Although a juror could read instruction 20 to arrive at the proper law, the offending sentence lacks any grammatical signal compelling that interpretation

over the alternative, conflicting, and erroneous reading. *See LeFaber*, 77 Wn. App. at 774 & nn.2-5 (Schultheis, J., concurring in part, dissenting in part); *see also Allery*, 101 Wn.2d at 593, 595. Nor does the instruction as a whole offer any further guidance regarding the imminent harm finding or the reasonableness standard.

We reject the State's defense of instruction 20 as sufficient by permitting Defendant to argue his theory of the case despite any ambiguity in the jury instructions. A legally erroneous instruction cannot be saved by the test for sufficiency. *Wanrow*, 88 Wn.2d at 237. Before addressing whether an instruction sufficed to allow a party to argue its theory of the case, the court must first decide the instruction accurately stated the law without misleading the jury. *State v. Acosta*, 101 Wn.2d 612, 619-20, 683 P.2d 1069 (1984); *Wanrow*, 88 Wn.2d at 237.

> [T]he defense attorney is only required to argue to the jury that the facts fit the law; the attorney should not have to convince the jury what the law is.

*Acosta*, 101 Wn.2d at 622.

Where a self-defense instruction erroneously limited the jury's consideration to facts immediate to the crime, this court has refused to salvage the instructions on the basis the defendant could still argue for the jury to consider all surrounding circumstances. *Wanrow*, 88 Wn.2d at 236-37. Similarly, the court has rejected as erroneous jury instructions that neglected to inform the jury of the State's burden of proving the absence of self-defense, despite the opportunity for a defendant to so argue. *Acosta*, 101 Wn.2d at 619-20; *see also State v. Despenza*, 38 Wn. App. 645, 653, 689 P.2d 87, *review denied*, 103 Wn.2d 1005 (1984). Defendant here was not required to argue a theory of the sufficiency of reasonable belief to correct an erroneous statement of the law in the jury instructions.

Reversed.

Smith, Johnson, Madsen, and Sanders, JJ., concur.

ALEXANDER, J. (dissenting) — I dissent because I believe that the trial court did not commit an error in giving jury instruction 20, an instruction relating to the defense of self-defense. I would, therefore, affirm the decision of the Court of Appeals as well as that of the trial court.

Preliminarily, it is worth noting that although the Defendant asserts that the trial court erred in giving instruction 20, he failed at trial to except to the instruction.[1] Ordinarily, such a failure precludes consideration of an alleged instructional error for the first time on appeal. RAP 2.5(a). A reviewing court may, however, overlook such a failure in cases where the claimed error is a "manifest error affecting a constitutional right." RAP 2.5(a)(3).[2] Indeed, it was pursuant to this rule that the Court of Appeals, Division Three, accepted review, although it rejected the Defendant's argument regarding the asserted error, and affirmed the Defendant's conviction. *State v. LeFaber*, 77 Wn. App. 766, 770-71, 772, 893 P.2d 1140 (1995).

When a defendant raises an issue of constitutional magnitude that was not addressed at trial, thus properly raising the issue for the first time on appeal, he or she retains the burden of demonstrating that the alleged error was committed and that it affected his or her rights. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251

---

[1]The record is somewhat unclear as to whether defense counsel merely failed to except to the giving of the instruction, or whether he affirmatively assented to the instruction or proposed one with similar language. At oral argument before this court, the State asserted that "both counsel proposed instruction number 20." Oral argument tape 1 (Nov. 18, 1995). LeFaber's appellate counsel, who had also served as trial counsel, did not directly contradict the State's assertion, but said instead that he recalled that he "did propose an instruction. Normally it's my practice [that] we only file for the record those instructions with respect to which we take an objection." Oral argument tape 1 (Nov. 18, 1995). If the record were more clear on this issue, an argument may have been made that this issue should be precluded under a theory of invited error. *See State v. Henderson*, 114 Wn.2d 867, 870, 792 P.2d 514 (1990).

[2]Rules of Appellate Procedure 2.5(a) provides, in relevant part, as follows:

"The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: . . . (3) manifest error affecting a constitutional right."

(1995) (citing *State v. Scott,* 110 Wn.2d 682, 688, 757 P.2d 492 (1988)). Regardless of whether the issue is properly preserved for review, or is raised for the first time on appeal, the burden is to show that an error was committed and that it affected a defendant's rights.

Despite his apparent satisfaction with instruction 20 at trial, LeFaber now alleges that the instruction was a misstatement of the law on self-defense. He contends, in that regard, that the instruction allowed the jury to avoid considering the reasonableness of his subjective perceptions at the time of the shooting, thus allowing it to ground its verdict on a finding that there was, from an objective standpoint, no actual imminent danger. In essence, LeFaber claims that there was error because the jury *could* have inferred an incorrect interpretation of the law from the instructions that were given. The majority agrees with LeFaber's assertion that the instruction is fatally flawed, stating that "[j]ury instructions must more than adequately convey the law of self-defense" and must, instead, "make the relevant legal standard ' " 'manifestly apparent to the average juror.' " ' " Majority Op. at 900 (quoting *State v. Allery,* 101 Wn.2d 591, 595, 682 P.2d 312 (1984), which quotes *State v. Painter,* 27 Wn. App. 708, 713, 620 P.2d 1001 (1980), *review denied,* 95 Wn.2d 1008 (1981)).

I disagree with the result the majority reaches, being satisfied that the quoted language applies in only certain circumstances, circumstances that are not here present. Thus, application of that rule here is inappropriate, and gives life to a test that is not suited to this case. Where, as here, there is a question as to "whether the trial court committed error in its instructions to the jury. . . . the test is whether the jury was informed, or could understand from the instructions as a whole," the correct status of the law. *State v. Acosta,* 101 Wn.2d 612, 622, 683 P.2d 1069 (1984). In *Acosta,* this court held that the instructions at issue failed to inform the jury that the State must prove the absence of self-defense beyond a reasonable doubt. *Acosta,* 101 Wn.2d at 622. Similarly, in *State v. Allery,* 101 Wn.2d at 595, decided the same day as *Acosta,* we con-

cluded that the instructions at issue there failed to inform the jury that they should consider the self-defense issue in light of what the defendant knew prior to the incident as well as what the defendant knew at the time of the incident. In both of these cases, the jury instructions were considered to have inadequately informed the jury because a vital portion of the law of self-defense was absent from the jury instructions. This is precisely the situation that existed in *Painter,* as well as in *State v. Fischer,* 23 Wn. App. 756, 598 P.2d 742, *review denied,* 92 Wn.2d 1038 (1979), the decision upon which the *Painter* court relied for the proposition that an "instruction can be said to be sufficient only if it makes the subjective standard manifestly apparent to the average juror." *Fischer,* 23 Wn. App. at 759.

The situation here is different from those confronting this court in *Acosta* and *Allery,* and the Court of Appeals in *Painter* and *Fischer.* That is so because the instruction in this case does not omit any vital point of law. Significantly, instruction 20 provides, that "[h]omicide is justifiable when committed in the lawful defense of the defendant or any person in the defendant's presence or company when the defendant reasonably believes that the person slain intends to inflict death or great personal injury and there is imminent danger of such harm being accomplished." Clerk's Papers at 36. This instruction allowed LeFaber's counsel to argue to the jury that the facts supported a conclusion that LeFaber reasonably believed that: (1) the person slain intended to inflict death or great personal injury; and (2) there was imminent danger of such harm being accomplished. In sum, it cannot be said that the trial court omitted a reference to these vital points of law. Indeed, the majority acknowledges that the instruction does not necessarily misstate the law because "a juror could read instruction 20 to arrive at the proper law" on self-defense. Majority Op. at 902.

In concluding that LeFaber's conviction must be reversed, the majority subjects instruction 20 to grammatical scrutiny so intense that it would warm the heart of a

seasoned professor of English. Majority Op. at 902. Unfortunately, the approach taken by the majority turns the appropriate legal test on its head, effectively placing no instruction beyond grammatical assault. Unlike the rules that apply to statutory construction, the test for determining whether a trial court has committed error in the giving of a jury instruction is not based on a hyper-technical application of strict rules of grammar. Rather, as noted above, the appropriate test here is whether the jury *could understand* from the instructions as a whole the correct state of the law. While, perhaps, the law on self-defense could have been stated more clearly than it was in instruction 20, I agree with the Court of Appeals that a reasonable jury could have understood the correct state of the law on self-defense from that instruction. Furthermore, as the majority observes, instruction 20 is superior to the pattern instruction, WPIC 16.02,[3] upon which it was apparently modeled. Majority Op. at 902.

In my judgment, therefore, the Court of Appeals was correct in concluding that the trial court did not err in giving instruction 20. The Defendant's conviction should be affirmed.

DURHAM, C.J., and GUY and TALMADGE, JJ., concur with ALEXANDER, J.

Reconsideration denied May 13, 1996.

---

[3]WPIC 16.02 reads, in part, as follows:

"Homicide is justifiable when committed in the lawful defense of the slayer when:

"(1) the slayer reasonably believed that the person slain intended to inflict death or great personal injury;

"(2) there was imminent danger of such harm being accomplished; and

"(3) the slayer employed such force and means as a reasonably prudent person would use under the same or similar conditions as they reasonably appeared to the slayer, taking into consideration all the facts and circumstances as they appeared to him, at the time of the incident."