949 P.2d 821 (1997)
89 Wash.App. 364
STATE of Washington, Respondent,
v.
James C. MILLER, Appellant.
In the Matter of the Application for Relief From Personal Restraint of James Calvin Miller, Petitioner.
Nos. 15875-6-III, 16445-4-III.
Court of Appeals of Washington, Division 3.
December 2, 1997.
Publication Ordered January 15, 1998.
*822 Charles H. Webb, Clarkston, for Appellant.
Benjamin C. Nichols, Asotin, for Respondent.
BURCHARD, Judge Pro Tem.[*]
James C. Miller appeals his conviction for third-degree assault. We hold the conviction is invalid because the jury was not instructed that it is the State's burden to prove the absence of lawful force (self-defense) beyond a reasonable doubt.
Mr. Miller was an inmate at the Asotin County Jail when he struck jailer Robert Walling on May 1, 1996. The State charged him with third-degree assault. See RCW 9A.36.031. At trial, Mr. Miller presented the claim that his use of force was lawful. The jury, which was not instructed on the burden of proof for self-defense, found him guilty.
Defense counsel said during his opening statement at trial that Mr. Miller did not deny striking Mr. Walling, but that Mr. Miller had acted in self-defense. Counsel said he would present evidence that Mr. Walling "put his face about an inch away from Mr. Miller. And that the final straw came, when he raised his hand up. Up to then it was angry words. Jailer Walling accelerated it by doing that. That's why it's a case of self-defense."
At trial, another inmate testified:
Ah, I seen, ah, Miller and, ah, Officer Walling as they were facing one another, but but they're with their hand closed in a position of, like as if they were going to swing, down at their side. You know, their hand down their sides.
And, ah, I don't know if Officer Walling was going to raise his hand, and raise his hand to tell Miller to go to his cell, or what it was, but I when as the hand was coming up, in a motion, and hand was coming up in the air, ah, I watched him, Miller, throw one blow to, ah, as as it looked it looked to me as if there was going to be a punch thrown between both of them.
The inmate testified he interpreted Mr. Walling's manner as threatening:
Ah, [Mr. Miller] was, ah, angry, ah, if I was in all I can really say, if I was in Mr. Miller's position, inmate Miller's position, and an officer was to come walking toward me in that manner, which I don't believe is *823 a friendly manner at all, I probably would have, ah, struck the officer a long time ago, because I would have felt that there was going to be some kind of conflict physical conflict between me and the officer.
In self-defense, I would have did that. I would have swung first. I don't know if Walling was goin' to swing first, or if he was pointing to go down to the room.
Over the State's objection, the court ruled that the defense had presented enough evidence to warrant instructing the jury on the lawful use of force/self-defense. The court gave appropriate instructions defining the lawful use of force and the circumstances which would justify a finding of self-defense. However, neither party proposed and the court gave no instruction informing the jury that it is the State's burden to prove the absence of self-defense beyond a reasonable doubt.
When a defendant raises the issue of self-defense in an assault case, the State bears the burden of proving the absence of self-defense beyond a reasonable doubt. State v. Acosta, 101 Wash.2d 612, 615-19, 683 P.2d 1069 (1984); State v. Redwine, 72 Wash. App. 625, 629-30, 865 P.2d 552, review denied, 124 Wash.2d 1012, 879 P.2d 293 (1994); State v. Sampson, 40 Wash.App. 594, 597-99, 699 P.2d 1253, review denied,104 Wash.2d 1005 (1985); In re Personal Restraint of Skjonsby, 40 Wash.App. 541, 544-46, 699 P.2d 789 (1985); see State v. McCullum, 98 Wash.2d 484, 488, 656 P.2d 1064 (1983). Jury instructions, taken as a whole, must unambiguously inform jurors that the State bears this burden, and the better practice is for the trial court to give a separate instruction on the burden of proof. Acosta, 101 Wash.2d at 621-22, 683 P.2d 1069.[1] Allowing the defense attorney to argue that his client acted in self-defense does not adequately inform jurors of the burden of proof. Id. A jury instruction that misstates the law of self-defense is a constitutional error and is presumed to be prejudicial. State v. Walden, 131 Wash.2d 469, 473, 932 P.2d 1237 (1997).
The State does not dispute that it bears the burden of disproving self-defense. However, it contends no error occurred in the present case because the defense presented insufficient evidence to justify any instruction on the lawful use of force/self-defense. Self-defense instructions are required when a defendant meets his initial burden of producing "some evidence demonstrating self-defense...." Walden, 131 Wash.2d at 473, 932 P.2d 1237; see Redwine, 72 Wash.App. at 630, 865 P.2d 552. The burden then shifts to the State to prove the absence of self-defense. Walden, 131 Wash.2d at 473-74, 932 P.2d 1237.
Evidence of self-defense is evaluated "from the standpoint of the reasonably prudent person, knowing all the defendant knows and seeing all the defendant sees." [State v.] Janes, 121 Wash.2d [220,] ... 238, [850 P.2d 495, 22 A.L.R.5th 921 (1993) ] (citing [State v.] Allery, 101 Wash.2d [591,] ... 594, [682 P.2d 312 (1984)]). This standard incorporates both objective and subjective elements. The subjective portion requires the jury to stand in the shoes of the defendant and consider all the facts and circumstances known to him or her; the objective portion requires the jury to use this information to determine what a reasonably prudent person similarly situated would have done. Janes, 121 Wash.2d at 238, 850 P.2d 495.
Walden, 131 Wash.2d at 474, 932 P.2d 1237.
Here, a witness testified he saw Mr. Walling raise his hand, possibly to strike Mr. Miller. The witness also testified that, if he were in Mr. Miller's position, he would have viewed Mr. Walling's act as a threat of injury and would have hit Mr. Walling in self-defense. This testimony met Mr. Miller's initial *824 burden of producing "some" evidence of self-defense, and the self-defense instructions were required.
The trial court clearly recognized this by including instructions on the law of self-defense. However, the jury was not informed that the State bore the burden of proving the absence of self-defense beyond a reasonable doubt. The instructions were incomplete, and prejudice to Mr. Miller is presumed. The conviction therefore is reversed.[2]
SWEENEY, C.J., and KURTZ, J., concur.
NOTES
[*] Judge John G. Burchard is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.
[1] The Supreme Court's holding in Acosta was based in part on its reasoning that self-defense negates the culpable mental state applicable to many crimes. Acosta, 101 Wash.2d at 616-18, 683 P.2d 1069. The Supreme Court questioned this analysis in State v. Camara, 113 Wash.2d 631, 639-40, 781 P.2d 483 (1989), which held there was no constitutional impediment in a statutory scheme that required the defendant to bear the burden of proving the victim's consent as a defense in a rape prosecution. However, the Supreme Court continues to rely on Acosta in requiring that instructions "inform the jury of the State's burden of proving the absence of self-defense...." State v. LeFaber, 128 Wash.2d 896, 903, 913 P.2d 369 (1996).
[2] Our conclusion makes it unnecessary to address his other issue on appeal or his personal restraint petition.