# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74156-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| IRA LAMAR BLACKSTOCK, JR., | ) | |
| Appellant. | ) | FILED: April 24, 2017 |

TRICKEY, A.C.J. — Ira Blackstock, Jr. appeals his convictions for two counts of vehicular homicide and one count of vehicular assault. He argues that he received ineffective assistance of counsel because his trial counsel failed to request a new jury instruction defining the disregard for the safety of others. The court's definition instruction was a correct statement of the law and was the pattern jury instruction. Accordingly, Blackstock's counsel's performance was not deficient. We affirm.

## FACTS

In October 2013, Ira Blackstock, Jr. lost control of his vehicle and crashed into another vehicle. The driver and one passenger of the other vehicle, Janeah and Janesah Goheen, died from the crash. The other passenger, Alysha Pickler, suffered serious injuries. Blackstock was not intoxicated at the time of the crash. The State charged Blackstock with two counts of vehicular homicide and one count of vehicular assault.

The court gave the jury the standard instruction to define the disregard for the safety of others, modified only so that it applied to both vehicular homicide and vehicular assault. Blackstock did not propose any additional instructions on the

issue of degree of fault required.[1]

The jury convicted Blackstock on all counts, but found that he had not been operating the vehicle in a reckless manner.

Blackstock appeals.

## ANALYSIS

### Ineffective Assistance of Counsel

Blackstock argues he received ineffective assistance of counsel when his counsel failed to propose a new instruction to define disregard for the safety of others. Specifically, he argues that the court's instruction, which was the pattern instruction, did not adequately convey that the jury had to find that he had failed to be aware of a substantial risk of death or substantial bodily injury. We disagree. We cannot say that Blackstock's counsel's performance was deficient when he did not challenge a current pattern jury instruction that accurately stated the law.

The Sixth Amendment guarantees criminal defendants the right to the assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that trial counsel's performance "fell below an objective standard of reasonableness" and (2) that the defendant was prejudiced by trial counsel's deficient performance. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). If a party fails to satisfy either prong, a reviewing court need not consider the other. State v. Foster, 140 Wn. App. 266, 273, 166

---

[1] The only jury instruction Blackstock's counsel proposed was that the defendant was not required to testify and that the jury should draw no adverse inferences from his decision not to testify.

2

No. 74156-0-I / 3

P.3d 726 (2007).

In <u>State v. Studd</u>, the defendant's trial counsel proposed the jury instruction for self-defense. 137 Wn.2d 533, 541, 973 P.2d 1049 (1999). The proposed instruction was, at the time, the pattern jury instruction. 11A WASHINGTON PRACTICE PATTERN JURY INSTRUCTIONS: CRIMINAL 16.02 (1994) (WPIC). In between the defendant's trial and appeal, the Supreme Court determined that the WPIC used was erroneous. <u>Studd</u>, 137 Wn.2d at 551-52 (citing <u>State v. LeFaber</u>, 128 Wn.2d 896, 900-03, 913 P.2d 369 (1996), <u>abrogated on other grounds by</u> <u>State v. O'Hara</u>, 167 Wn.2d 91, 217 P.3d 756 (2009)). The defendant argued that his trial counsel was ineffective for proposing the instruction. <u>Studd</u>, 137 Wn.2d at 551. The Supreme Court determined that the defendant's counsel could "hardly be faulted for requesting a jury instruction based upon a then-unquestioned" pattern instruction. <u>Studd</u>, 137 Wn.2d at 551.

By contrast, in <u>State v. Kyllo</u>, the Supreme Court agreed with a defendant's contention that his counsel's performance was deficient because his counsel had proposed an erroneous self-defense instruction. 166 Wn.2d 856, 865, 869, 215 P.3d 177 (2009). The court reasoned that, unlike in <u>Studd</u>, by the time of trial, there was case law showing that the instruction was erroneous, which "counsel should have discovered." <u>Kyllo</u>, 166 Wn.2d at 868.

Appellate courts review claims of ineffective assistance of counsel de novo. <u>Sutherby</u>, 165 Wn.2d at 883.

Here, the State charged Blackstock with vehicular homicide and vehicular assault. A driver is guilty of vehicular homicide when his driving proximately

3

causes the death of any person and the driver was operating the motor vehicle:

>(a) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502; or
>(b) In a reckless manner; or
>(c) With disregard for the safety of others.

RCW 46.61.520(1)(a)-(c).

A driver is guilty of vehicular assault when his driving causes substantial bodily harm to another and the driver was operating the motor vehicle:

>(a) In a reckless manner . . .; or
>(b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502 . . .; or
>(c) With disregard for the safety of others . . . .

RCW 46.61.522(1)(a)-(c).

The court gave the WPIC defining recklessness and disregard for the safety of others:

>To operate a motor vehicle in a reckless manner means to drive in a rash or heedless manner, indifferent to the consequences.
>
>Disregard for the safety of others means an aggravated kind of negligence or carelessness, falling short of recklessness but constituting a more serious dereliction than ordinary negligence. Ordinary negligence is the failure to exercise ordinary care. Ordinary negligence is the doing of some act which a reasonably careful person would not do under the same or similar circumstances or the failure to do something which a reasonably careful person would have done under the same or similar circumstances. Ordinary negligence in operating a motor vehicle does not render a person guilty of vehicular homicide or vehicular assault.[2]

Although Blackstock offers suggestions for improving this instruction, he has not identified any Washington court decisions disapproving its use or indicating that it is not a correct statement of the law. In fact, Blackstock concedes that the

---

[2] Clerk's Papers at 35; WPIC 90.05 (4th ed. 2016).

court's instruction is "technically correct."[3] Therefore, his counsel's failure to request a different instruction does not render his performance deficient.

Blackstock argues that his counsel's performance was nevertheless deficient because counsel should have requested an instruction that made it "abundantly clear" that criminal negligence is required to show a disregard for the safety of others.[4]

Blackstock cites to concurring and dissenting opinions in State v. Eike, 72 Wn.2d 760, 435 P.2d 680 (1967), to support his argument that his counsel should have sought a different instruction. In Eike, the Supreme Court approved the trial court's instruction that "'to operate a motor vehicle with disregard for the safety of others, means just what the words imply.'" 72 Wn.2d at 766. The trial court had denied the defendant's request to add "'such a disregard of consequences as to evince or show a willingness to perpetrate injury to another or to take known chances of so doing'" to the end of the instruction. Eike, 72 Wn.2d at 764.

The opinions Blackstock cites, which call for a more detailed jury instruction, are in response to the minimalist instruction approved by the majority in Eike. See 72 Wn.2d at 769 (Hamilton, J. concurring in part and dissenting in part); 72 Wn.2d at 772 (Finley, C.J. dissenting). These opinions are not controlling. Even if they were, the WPIC used in Blackstock's trial represents a marked improvement from the trial court's instruction in Eike.

No case has indicated that the WPIC used here misstates the law. Therefore, Blackstock's counsel was not deficient for failing to propose a new jury

---

[3] Br. of Appellant at 32.
[4] Br. of Appellant at 32.

instruction. Accordingly, we do not reach the issue of whether Blackstock suffered prejudice from the lack of a different instruction. Blackstock's claim of ineffective assistance of counsel fails.

## Appellate Costs

Blackstock asks that no costs be awarded on appeal. Appellate costs are generally awarded to the substantially prevailing party on review. RAP 14.2. However, when a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2.

Here, the trial court found Blackstock indigent for the purpose of this appeal. If the State has evidence indicating that Blackstock's financial circumstances have significantly improved since the trial court's determination, it may file a motion for costs with the commissioner.

Affirmed.

_Trickey, ACJ_

WE CONCUR:

_Mann, J_            _Spearman, J._