# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53015-5-II |
| Respondent, | |
| v. | |
| Q.S.J.-T., | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — QSJ-T appeals from her juvenile disposition order finding her guilty of fourth degree assault. QSJ-T contends that the trial court improperly shifted the burden of proof on self-defense and relieved the State of its burden to prove absence of self-defense. We affirm.

## FACTS

Sara McCombs lived in a townhouse. The front of her townhouse opened up to an alley. Because there was no other space for the neighborhood children to play, children played in the alley while adults watched for vehicles.

In August 2018, McCombs was outside with her three year old daughter, when a vehicle came speeding through the alley. QSJ-T's mother was the driver of the vehicle. McCombs stepped into the road and yelled at the car to slow down. The driver stopped the vehicle, began yelling at McCombs, and called her names.

The argument began to escalate, and McCombs told the driver she was going to call the police. McCombs walked to the front of the vehicle to get the license plate, but there was no license plate on the front. She then walked toward the back of the vehicle.

At this point, QSJ-T got out of the vehicle, walked to the back of the vehicle, and attempted to block McCombs from getting a picture of the back license plate. When McCombs attempted to move around QST-J to get a picture of the license plate, QSJ-T hit her in the face.

The State charged QSJ-T with fourth degree assault. QSJ-T claimed self-defense. During a bench trial, McCombs testified to the facts above, and two neighbors who witnessed the event corroborated McCombs's account.

QSJ-T testified in her defense. She admitted to "smush[ing]" McCombs in the face, but claimed she did this because McCombs "grab[ed] [her] wrist." 1 Verbatim Report of Proceedings (VRP) (Nov. 13, 2018) at 173. None of the neighbor witnesses testified that McCombs touched QSJ-T. Neither QSJ-T nor her mother reported to the police the day of the incident that McCombs touched QSJ-T. During her rebuttal testimony, McCombs testified that she never put her hands on QSJ-T.

After the bench trial, the trial court entered finding of fact 13, which stated, "This Court does not find self-defense to be a credible defense and finds [QSJ-T] to have been the aggressor." Clerk's Papers (CP) at 9. In its oral rulings, the trial court elaborated:

> And so I am not finding credible that [QSJ-T] is now claiming that [McCombs] grabbed her and that she was defending herself. That grabbing would have been the story—would have been the story that would have been conveyed to the police on August 3rd, and it was not.
>
> If [McCombs] had placed a hand on [QSJ-T], I'm sure that [QSJ-T's mother] would, most certainly, have told that to the police, as would [QSJ-T] have

told that to the police on the day that the incident happened. But, again, that was not provided to the police.

And it's also—and the first time that it is coming out is actually here in court.

2 VRP (November 14, 2018) at 212.

The trial court found QSJ-T guilty as charged. QSJ-T appeals.

ANALYSIS

QSJ-T contends that the trial court's finding of fact 13 that it "does not find self-defense to be a credible defense and finds [QSJ-T] to have been the aggressor" improperly shifted the burden of proof to QSJ-T to prove self-defense and relieved the State of its burden to prove the absence of self-defense. CP at 9. We disagree.

A.    STANDARD OF REVIEW

We review findings of fact in a juvenile matter for substantial evidence. *State v. A.N.J.*, 168 Wn.2d 91, 107, 225 P.3d 956 (2010). Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the finding. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). A juvenile appellant challenging the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that may be drawn therefrom. *State v. Houston-Sconiers*, 188 Wn.2d 1, 15, 391 P.3d 409 (2017). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *Homan*, 181 Wn.2d at 106. Lastly, the findings of fact must support the conclusions of law. *Id.*

B.    LEGAL PRINCIPLES

Under RCW 9A.36.041(1), "[a] person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he

3

or she assaults another." "Assault is an intentional touching or striking of another person that is harmful or offensive, regardless of whether it results in physical injury." *State v. Tyler*, 138 Wn. App. 120, 130, 155 P.3d 1002 (2007).

A defense to fourth degree assault is self-defense. RCW 9A.16.020. "The use, attempt, or offer to use force upon or toward the person of another is not unlawful . . . [w]henever used by a party about to be injured, or . . . in preventing or attempting to prevent an offense against his or her person." RCW 9A.16.020.

But to raise a claim of self-defense, the defendant must first offer some evidence tending to prove self-defense. *State v. Grott*, No. 97183-8, slip op. at 9 (Wash. Feb. 20, 2020), http://www.courts.wa.gov/opinions/pdf/971838.pdf. Specifically, the defendant must show a "'subjective, reasonable belief of imminent harm from the victim.'" *Id*. (quoting *State v. LeFaber*, 128 Wn.2d 896, 899, 913 P.2d 369 (1996), *abrogated on other grounds by State v. O'Hara,* 167 Wn.2d 91, 217 P.3d 756 (2009)). "'The evidence of self-defense must be assessed from the standpoint of the reasonably prudent person standing in the shoes of the defendant, knowing all the defendant knows and seeing all the defendant sees.'" *Id.* (quoting *State v. Riley*, 137 Wn.2d 904, 911, 976 P.2d 624 (1999)). Self-defense is only available to respond to the unlawful use of force. *Riley*, 137 Wn.2d at 911. Thus, an aggressor who provokes the altercation is not responding to unlawful force and has no right of self-defense. *Grott*, slip op. at 9. If the defendant offers some evidence tending to show self-defense, then the burden shifts to the State to prove the absence of self-defense beyond a reasonable doubt. *Id.*

4

C.      FINDING OF FACT 13

Here, McCombs and QSJ-T's mother had an argument about QSJ-T's mother's driving. McCombs decided to call the police and attempted to take a picture of the vehicle's license plate. QSJ-T got out of the car, walked to the back of the car, and according to multiple witness, assaulted McCombs while she was trying to take a picture. While QSJ-T testified at trial that McCombs grabbed her wrists, there was no statement of this before by QSJ-T or her mother, no witnesses testified to this, and McCombs testified she did not touch QSJ-T before the assault.

Based on the above, a reasonably prudent person would not believe he or she was about to be in imminent harm. Moreover, QSJ-T initiated the physical contact. Thus, substantial evidence supports the trial court's finding that self defense was "[not] a credible defense" and QSJ-T was "the aggressor." CP at 9. As the trial court clarified, "I am not finding credible that [QSJ-T] is now claiming that [McCombs] grabbed her and that she was defending herself." 2 VRP (November 14, 2018) at 212. An appellate court may consider a trial court's oral decision to clarify its written findings. *State v. Kull*, 155 Wn.2d 80, 88, 118 P.3d 307, 311 (2005).

Because substantial evidence supports the trial court's finding that QSJ-T did not provide evidence tending to prove self-defense, the burden of proof did not shift to the State to disprove self-defense. *Grott*, slip op. at 9. QSJ-T's claim that the trial court wrongly shifted the burden of proof fails. Therefore, we hold that the trial court did not err.

No. 53015-5-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Melnick, J.