# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58145-1-II |
| Respondent, | |
| v. | |
| | UNPUBLISHED OPINION |
| DAVID MAXIMILLIAN PARKHILL, | |
| Appellant. | |

PRICE, J. — David M. Parkhill appeals his convictions for attempted first degree robbery and second degree assault. Parkhill argues that there was insufficient evidence supporting his convictions. Parkhill also argues that he received ineffective assistance of counsel when his counsel failed to argue self-defense. We affirm.

## FACTS

On July 18, 2021, Parkhill attempted to steal Spencer Smithingell's car while armed with a knife. Smithingell tried to stop him, and the two men got into a physical altercation. Jeff Gregory, a bystander who happened to be carrying a gun, intervened to help Smithingell. When Parkhill turned to confront Gregory, Gregory shot Parkhill in the leg.

The State charged Parkhill with one count of attempted first degree robbery with a deadly weapon enhancement and one count of second degree assault with a deadly weapon enhancement.

The case proceeded to a bench trial. Smithingell, Gregory, and Parkhill all testified at trial. Following the bench trial, the trial court entered written findings of fact and conclusions of law.[1] Included in the findings was the trial court's determination that the testimony from Gregory and Smithingell was credible.

On the day of the incident, Smithingell was sitting in the driver's seat of his car when Parkhill approached the vehicle. Parkhill told Smithingell that Smithingell's car had a flat tire. However, this was just a ruse to get Smithingell out of the car so that Parkhill could steal it. At the time Parkhill approached Smithingell's car, he had a sheathed knife in his pocket.

When Smithingell got out of his car, Parkhill jumped into the driver's seat. Smithingell started fighting with Parkhill to get him out of the vehicle. As Smithingell and Parkhill struggled, Parkhill grabbed the car keys out of Smithingell's pocket and attempted to start the car. However, Parkhill was unable to start the car because he was unfamiliar with manual transmissions.

---

[1] In his opening brief, Parkhill did not assign error to any of the trial court's findings of fact. As the State pointed out in its response brief, unchallenged findings of fact are verities on appeal. *See State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014).

In his reply brief, Parkhill argues that we can consider claims regarding erroneous findings of fact despite his failure to assign error to the specific findings of fact. The State moved to strike the portions of Parkhill's reply brief that attempt to challenge the findings of fact for the first time. A commissioner of this court referred the State's motion to strike to this panel for decision.

RAP 10.3 specifically requires assigning error to findings of fact. Specifically, RAP 10.3(g) provides, "A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number." Further, arguments raised for the first time in a reply brief are too late to warrant consideration. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Because Parkhill failed to assign error to any findings of fact as required by RAP 10.3(g), we consider the trial court's findings of fact verities on appeal. However, because actually striking portions of Parkhill's brief is superfluous and unnecessary, we deny the State's motion to strike portions of Parkhill's reply brief.

While fighting with Smithingell, Parkhill pulled the sheathed knife out of his pocket. The knife was approximately 6 inches in length, and Parkhill displayed it in a manner that scared Smithingell, causing Smithingell to pause. The trial court specifically found that Smithingell was scared by the knife. Parkhill denied displaying the sheathed knife while inside the car, but the trial court did not find this testimony credible.

Gregory was working in a house across the street when he saw the incident between Parkhill and Smithingell. Gregory walked toward Smithingell's car with the intent to help Smithingell. Gregory had a concealed-pistol license and was carrying a gun. As Gregory approached, he saw Parkhill holding the sheathed knife in his hand.

When Gregory got to the car, he drew his gun and told Parkhill to stop. When Parkhill saw Gregory, he got out of the car. The trial court found that Parkhill's intent when exiting the car was not clear. But once outside the car, Parkhill unsheathed his knife, pointed it in Gregory's direction, and "made a statement indicating his intent to take the gun from" Gregory. Clerk's Papers (CP) at 111. The trial court found that Parkhill "was intent on obtaining the gun for himself" and that Parkhill's testimony that he pulled the knife on Gregory "because he was scared of the gun being pointed at him" was not credible. *Id.*

Parkhill then began walking toward Gregory. Gregory, now pointing his gun at Parkhill, started backing up. Parkhill continued walking toward Gregory while pointing the knife at him. Gregory backed up approximately 50 to 75 feet while yelling at Parkhill to stop. Finally, with Parkhill continuing to advance on Gregory with the knife, Gregory shot Parkhill in the leg. The trial court found Gregory was in fear of harm because of Parkhill's actions and shot Parkhill in self-defense.

3

The trial court concluded that Parkhill was guilty of both charged counts. The trial court concluded that Parkhill was guilty of attempted first degree robbery with a deadly weapon enhancement because he "took a substantial step towards committing the completed crime of Robbery in the First Degree by attempting to take the property of Spencer Smithingell by force while armed with a deadly weapon." CP at 111-12. The trial court further concluded that Parkhill "was armed with a knife that qualifies as a deadly weapon" and used the knife to threaten Smithingell "in a manner that was capable of causing death or great bodily injury." *Id.* at 112. The trial court also concluded that Parkhill was guilty of the other charged count—second degree assault with a deadly weapon enhancement. The trial court imposed a standard range sentence of 54.75 months' confinement.

Parkhill appeals.

ANALYSIS

Parkhill argues that there was insufficient evidence supporting his convictions. Parkhill also argues that he received ineffective assistance of counsel when his counsel failed to argue self-defense. We affirm.

I. SUFFICIENCY OF THE EVIDENCE

Parkhill argues that there was insufficient evidence to support his conviction for attempted first degree robbery because the evidence did not support the trial court's conclusion that the knife was a deadly weapon.[2] Parkhill also argues there was insufficient evidence to support his

---

[2] Parkhill's deadly weapon argument is limited to the definition of "deadly weapon" for attempted robbery as opposed to the definition of "deadly weapon" for the sentencing enhancement.

conviction for second degree assault because the evidence did not prove that he intended to assault Gregory. We disagree.

A. STANDARD OF REVIEW

We review challenges to the sufficiency of the evidence de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). We view the evidence in the light most favorable to the State and "determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). "Specifically, following a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *Id.* at 105-06. " 'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise." *Id.* at 106 (quoting *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005)). Unchallenged findings of fact are verities on appeal. *See id*.

A sufficiency of the evidence claim admits the truth of the State's evidence and all reasonable inferences that can be drawn from that evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All such inferences "must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* And we defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of evidence. *State v. Ague-Masters*, 138 Wn. App. 86, 102, 156 P.3d 265 (2007).

B. ATTEMPTED FIRST DEGREE ROBBERY

To prove attempted first degree robbery, the State must prove that the defendant intended to commit first degree robbery and took a substantial step toward accomplishing the first degree robbery. *See* RCW 9A.28.020; *State v. DeRyke*, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003). "A

person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone." RCW 9A.56.190. A person is guilty of first degree robbery if, in the commission of a robbery or of immediate flight therefrom, "[they are] armed with a deadly weapon[.]" RCW 9A.56.200(1)(a)(i).

RCW 9A.04.110(6) defines a deadly weapon as

any explosive or loaded or unloaded firearm, and shall include any other weapon, device, instrument, article, or substance, including a "vehicle" as defined in this section, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm[.]

We consider the surrounding circumstances to determine whether a weapon was used, attempted to be used, or threatened to be used in a manner readily capable of causing death or substantial bodily harm. *See State v. Holmes*, 106 Wn. App. 775, 781-82, 24 P.3d 1118 (2001). " '[R]eady capability is determined in relation to surrounding circumstances, *with reference to potential substantial bodily harm*.' " *Id.* at 782 (emphasis added) (quoting *State v. Shilling*, 77 Wn. App. 166, 171, 889 P.2d 948 (1995)). Mere possession of the weapon is insufficient. *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 366, 256 P.3d 277 (2011). Instead, there must be some manifestation of willingness to use the weapon. *State v. Gotcher*, 52 Wn. App. 350, 354, 759 P.2d 1216 (1988).

Here, the trial court's unchallenged findings established that Parkhill pulled the sheathed knife out of his pocket during his struggle with Smithingell. The reasonable inference was that Parkhill was using the knife to threaten to stab Smithingell if Smithingell did not stop interfering

with Parkhill's attempt to steal the car. In fact, the trial court specifically found that Smithingell was scared of the knife, causing him to pause his attempt to stop Parkhill. Because Parkhill used the knife to threaten Smithingell, he manifested a willingness to use it. And, the knife was readily capable of causing death or substantial bodily harm because all Parkhill had to do was unsheathe the knife. *See Holmes*, 106 Wn. App. at 782.

Because the trial court's findings demonstrate that Parkhill manifested a willingness to use the knife and threatened to use the knife in a manner readily capable of causing death or substantial bodily harm, the trial court's findings of fact support the conclusion that the knife was a deadly weapon. Accordingly, there was sufficient evidence to support the trial court's conclusion that Parkhill was guilty of attempted first degree robbery.

C. SECOND DEGREE ASSAULT

A person is guilty of second degree assault if he assaults another with a deadly weapon. RCW 9A.36.021(1)(c). One of the recognized definitions of "assault" is "putting another in apprehension of harm." *State v. Elmi*, 166 Wn.2d 209, 215, 207 P.3d 439 (2009). To prove a defendant committed an assault by putting another in apprehension of harm, the State must prove the defendant had the specific intent either to create a reasonable apprehension of bodily harm or to cause bodily harm. *State v. Byrd*, 125 Wn.2d 707, 713, 887 P.2d 396 (1995). Criminal intent may be inferred from all the circumstances of the case including "inferring or permissively presuming that a defendant intends the natural and probable consequences of his or her acts." *State v. Bea*, 162 Wn. App. 570, 579, 254 P.3d 948, *review denied*, 173 Wn.2d 1003 (2011).

7

Here, the trial court's unchallenged findings of fact establish that Parkhill exited Smithingell's car, unsheathed his knife, and indicated that he was going to take Gregory's gun; further, these actions caused Gregory to fear Parkhill was going to cause him bodily harm. A fear of bodily harm is a natural and probable consequence of pointing a knife at someone and threatening to take their property. Therefore, drawing all inferences in favor of the State, it is reasonable to infer from the trial court's findings that Parkhill intended to create a reasonable apprehension of bodily harm. *See Bea*, 162 Wn. App. at 579. Thus, there was sufficient evidence to support the trial court's conclusion that Parkhill is guilty of second degree assault.[3]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Parkhill argues that he received ineffective assistance of counsel because his attorney failed to argue that Parkhill unsheathed the knife in self-defense after Gregory pointed the gun at him.[4] We disagree.

---

[3] Parkhill bases most of his argument on Parkhill's testimony that he only unsheathed the knife because he was afraid of Gregory pointing a gun at him. However, the trial court found this testimony not credible. We do not review credibility determinations or reweigh evidence. *Ague-Masters*, 138 Wn. App. at 102.

[4] Parkhill also argues that counsel was ineffective because counsel failed to develop the evidence supporting self-defense during Gregory's cross-examination. However, Parkhill does not identify what evidence, outside of what is already in the trial court's findings of fact, would have been elicited from "[q]uestions about Mr. Gregory being the initial aggressor or Mr. Parkhill unsheathing the knife in response to a firearm being pointed at him . . ." or why this unspecified evidence "could have swayed the trial judge and changed the outcome of the trial." Appellant's Opening Br. at 37. And, even if he had, we do not consider evidence outside the record on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Accordingly, Parkhill cannot establish ineffective assistance of counsel based on counsel's cross-examination of Gregory.

To show ineffective assistance of counsel, the defendant must demonstrate that their counsel's performance was deficient and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To show prejudice—the second prong of the *Strickland* test—the defendant must demonstrate a reasonable probability that the outcome of the proceeding would have been different if counsel had not performed deficiently.  *State v. Johnson*, 12 Wn. App. 2d 201, 210, 460 P.3d 1091 (2020), *aff'd*, 197 Wn.2d 740, 487 P.3d 893 (2021).  Failure to establish either prong is fatal to an infective assistance of counsel claim.  *Strickland*, 466 U.S. at 700.

"The use of force is lawful and justified where the defendant has a 'subjective, reasonable belief of imminent harm from the victim.' "  *State v. Grott*, 195 Wn.2d 256, 266, 458 P.3d 750 (2020) (quoting *State v. LeFaber*, 128 Wn.2d 896, 899, 913 P.2d 369 (1996)).  "[A] defendant bears the initial burden of producing some evidence that his or her actions occurred in circumstances amounting to self-defense, i.e., the statutory elements of reasonable apprehension of great bodily harm and imminent danger."  *State v. Riley*, 137 Wn.2d 904, 909, 976 P.2d 624 (1999).  " 'The evidence of self-defense must be assessed from the standpoint of the reasonably prudent person standing in the shoes of the defendant, knowing all the defendant knows and seeing all the defendant sees.' "  *Grott*, 195 Wn.2d at 266 (quoting *Riley*, 137 Wn.2d at 909).  If the defendant meets the initial burden of producing some evidence that his actions occurred in circumstances amounting to self-defense, the burden shifts to the State to prove the absence of self-defense beyond a reasonable doubt.  *Id.*

Here, Parkhill testified that he unsheathed his knife because he was scared of the gun being pointed at him. Therefore, there was some evidence from which counsel could have argued that Parkhill was acting in self-defense. However, even if counsel could have argued self-defense at trial, the failure to do so was not prejudicial.[5] The trial court, as the trier of fact in the bench trial, found that Parkhill's testimony that he pulled the knife on Gregory because he was scared of the gun being pointed at him was not credible. Therefore, there is not a reasonable probability that the outcome would have been different if counsel had relied on that testimony to argue that Parkhill was acting in self-defense. Further, because the trial court specifically found that Gregory intervened in the incident and drew his gun because he wanted to help Smithingell, there is not a reasonable probability that the trial court would have found that Gregory's use of force was unlawful and that Parkhill had the right to act in self-defense. *See Grott*, 195 Wn.2d at 266. Accordingly, Parkhill has failed to establish that any deficient performance by counsel resulted in prejudice and his ineffective assistance of counsel claim fails.

CONCLUSION

The evidence was sufficient to support Parkhill's convictions for attempted first degree robbery and second degree assault. And Parkhill did not receive ineffective assistance of counsel. Accordingly, we affirm.

---

[5] We note that counsel's decision not to argue self-defense to the trial court may very well have been a reasonable trial tactic given the facts of this case. *See McFarland*, 127 Wn.2d at 336 (To show that counsel was deficient, "the defendant must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel.").

No. 58145-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

LEE, J.