**FILED**
**MAY 16, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36031-8-III |
| | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOLENE S. MENEGAS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jolene Menegas appeals her Spokane County conviction for third degree assault—domestic violence against her ex-husband, Michael Menegas. She contends the trial court erred by giving a faulty to-convict instruction that omitted the State's burden to disprove self-defense and that her trial counsel was ineffective for failing to object to the erroneous instruction. She also asks this court to strike the $200 criminal filing fee based on her indigency. We accept the State's concession as to the striking of the filing fee, but reject Ms. Menegas's remaining challenges and affirm.

FACTS

The State charged Ms. Menegas with third degree assault—domestic violence against Michael Menegas, her ex-husband, following an altercation that occurred when Mr. Menegas attempted to pick up his two children for a court-authorized visit in March 2017.

At trial, the ex-spouses disagreed as to whether Mr. Menegas showed up on time for the visitation and who was responsible for escalating the altercation. According to Mr. Menegas, no one answered his initial knock so he went to get something to eat and, on his return, Ms. Menegas told him that he could not have visitation because he was late. Ms. Menegas then shouted at him to leave, slammed the door in his face, and yelled obscenities at him. When Mr. Menegas told his ex-wife that he would involve law enforcement if she did not cooperate, she opened the door and sprayed Mr. Menegas with pepper spray. Although the spray irritated Mr. Menegas's skin and lungs, his eyes were unaffected because he was wearing sunglasses. He returned to his vehicle and called law enforcement.

Ms. Menegas claimed she acted in self-defense. She testified that Mr. Menegas failed to follow the family court judge's oral instructions to arrive within one hour of visitation time and that the children did not want to go with Mr. Menegas. After she told

2

her ex-husband that he had given up visitation by being late and he needed to leave, he began pounding on the door, causing her to feel threatened. She presented testimony from herself and her counselor that she had been diagnosed with posttraumatic stress disorder (PTSD). She also testified that she felt anxious and backed into a corner when Mr. Menegas continued to knock on the door, she warned him multiple times that she would pepper spray him if he did not leave, she feared for her safety and the safety of her children, and she sprayed Mr. Menegas when he put his hand near the door handle because she feared he would force his way into the house.

The trial court gave the following instruction defining self-defense:

> It is a defense to a charge of Assault 3rd Degree that the force used was lawful as defined in this instruction.
> The use of force upon or toward the person of another is lawful when used by a person who reasonably believes that she is about to be injured, and when the force is not more than is necessary.
> The person using the force may employ such force and means as a reasonably prudent person would use under the same or similar conditions as they appeared to the person, taking into consideration all of the facts and circumstances known to the person at the time of and prior to the incident.
> The State has the burden of proving beyond a reasonable doubt that the force used by the defendant was not lawful. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty.
> A person is entitled to act on appearances in defending herself, if she believes in good faith and on reasonable grounds that she is in actual danger of injury, although it afterwards might develop that the person was mistaken as to the extent of the danger. Actual danger is not necessary for the use of force to be lawful.

3

Clerk's Papers (CP) at 34 (instruction 10).

The court also provided the following "to-convict" instruction:

To convict the defendant of the crime of assault in the third degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about March 31, 2017, the defendant caused bodily harm to Michael N. Menegas;

(2) That the bodily harm was accompanied by substantial pain that extended for a period of time sufficient to cause considerable suffering;

(3) That the defendant acted with criminal negligence; and

(4) That this act occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 37 (instruction 13). The court further instructed the jury to consider the jury instructions as a whole. CP at 25 (instruction 1). Defense counsel objected to the instructions as given, challenging the court's combination of the self-defense instruction with the "actual danger not necessary" instruction and the omission of a "no duty to retreat" instruction. Report of Proceedings at 265-68. However, defense counsel did not object to the "to-convict" instruction or the giving of a separate self-defense instruction.

The jury found Ms. Menegas guilty as charged, and the sentencing court imposed 4 days of jail, with credit for time served, 12 months of community custody, and ordered

Ms. Menegas to attend anger management class. The court also imposed $800 in legal financial obligations (LFOs), including a $200 criminal filing fee.

ANALYSIS

On appeal, Ms. Menegas claims that the court erroneously failed to include the State's burden to prove the absence of self-defense in the "to-convict" instruction and that her trial counsel was ineffective for failing to object to the erroneous instruction. She also challenges imposition of the criminal filing fee.

Since trial counsel did not object to the "to-convict" instruction, our review of the alleged instructional error turns on whether Ms. Menegas can demonstrate manifest constitutional error. *See* RAP 2.5(a)(3). Ms. Menegas contends she is entitled to review because the alleged error reduced the State's burden of proof and involved inconsistent jury instructions arising out of a misstatement of the law, and the Supreme Court has recognized that these type of instructional errors are constitutional and presumed prejudicial.

An unpreserved, erroneous self-defense jury instruction must be analyzed for reviewability pursuant to RAP 2.5(a)(3) on a case-by-case basis. *State v. O'Hara*, 167 Wn.2d 91, 104, 217 P.3d 756 (2009) (overruling cases holding that an error in a self-defense instruction is always a manifest constitutional error and is always subject to

5

review).  After determining that an asserted error implicates a constitutional interest, the reviewing court must determine whether the error was manifest.  "'Manifest' in RAP 2.5(a)(3) requires a showing of actual prejudice."  *State v. Kirkman*, 159 Wn.2d 918, 935, 155 P.3d 125 (2007).  To demonstrate actual prejudice, there must be a "'plausible showing by the [appellant] that the asserted error had practical and identifiable consequences in the trial of the case.'"  *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999) (quoting *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 215 (1992)).

This court reviews jury instructions de novo.  *State v. Clausing*, 147 Wn.2d 620, 626-27, 56 P.3d 550 (2002).  Jury instructions are sufficient "'if they are supported by substantial evidence, allow the parties to argue their theories of the case, and when read as a whole properly inform the jury of the applicable law.'"  *State v. Rodriguez*, 121 Wn. App. 180, 184-85, 87 P.3d 1201 (2004) (quoting *State v. Irons*, 101 Wn. App. 544, 549, 4 P.3d 174 (2000)).  However, a jury instruction on self-defense must "'more than adequately convey the law.'"  *Id.* at 185 (quoting *State v. Walden*, 131 Wn.2d 469, 473, 932 P.2d 1237 (1997)).  Read as a whole, the jury instructions must make the relevant legal standard manifestly apparent to the average juror.  *State v. Kyllo*, 166 Wn.2d 856, 864, 215 P.3d 177 (2009).  "The jury should be informed in some unambiguous way that the State must prove absence of self-defense beyond a reasonable doubt."  *State v. Acosta*,

101 Wn.2d 612, 621, 683 P.2d 1069 (1984), *abrogated on other grounds by State v. Camara*, 113 Wn.2d 631, 781 P.2d 483 (1989).

The Washington Supreme Court has expressly rejected Ms. Menegas's argument, holding that where a separate instruction informs the jury of the State's obligation to prove the absence of self-defense, omitting similar language from the to-convict instruction is not reversible error. *State v. Hoffman*, 116 Wn.2d 51, 109, 804 P.2d 577 (1991). In *Hoffman*, the defendants argued that the trial court erred by failing to include self-defense elements in the "to-convict" instruction setting forth the elements of first degree murder and instead giving a separate self-defense instruction. The court disagreed and found no instructional error, noting that (i) the jury was instructed to consider the instructions as a whole, (ii) no prejudicial error occurs when the instructions taken as a whole properly instruct the jury on the applicable law, and (iii) the self-defense instructions properly informed the jury that the State bore the burden of proving the absence of self-defense beyond a reasonable doubt. 116 Wn.2d at 109. *Hoffman* has never been overruled and, thus, remains binding on this court.[1]

---

[1] Multiple unpublished Court of Appeals decisions have recognized the continuing validity of *Hoffman* and rejected the notion that it is error not to include self-defense elements in the "to-convict instruction" where a separate self-defense instruction is given. *See e.g.*, *State v. Thomas*, No. 70438-9-1, (Wash. Ct. App. June 22, 2015) (unpublished), http://www.courts.wa.gov/opinions/index.cfm?fa=opinions.showOpinion&filename=704389MAJ;

Similar to *Hoffman*, here the trial court properly instructed the jury as to the elements of third degree assault, the elements of self-defense, and the State's burden of proof with respect to each. The court also instructed the jury to consider the jury instructions as a whole. The instructions, when considered together, allowed Ms. Menegas to argue her theory of the case and did not relieve the State of its duty to prove that Ms. Menegas's use of force was unlawful. Our Supreme Court's express approval of the giving of separate "to-convict" and self-defense instructions requires this court to reject Ms. Menegas's argument that the instructions given were erroneous. Accordingly, in light of *Hoffman*, Ms. Menegas has failed to demonstrate manifest error justifying review pursuant to RAP 2.5(a)(3).[2]

---

*State v. Drahold*, No. 71248-9-I; 72040-6-I, (Wash. Ct. App. July 27, 2015) (unpublished), http://www.courts.wa.gov/opinions/index.cfm?fa=opinions.showOpinion&filename=712489MAJ (trial court did not err in rejecting proposed to-convict instruction that included the State's obligation to disprove self-defense where court gave a separate self-defense instruction in compliance with *Hoffman*, which remains binding on the Court of Appeals).

[2] The State contends that even if Ms. Menegas could demonstrate error in the instructions, she invited any such error and is therefore precluded from challenging the instructions on appeal. However, since the appeal record does not include a copy of Ms. Menegas's proposed instructions (which were apparently not filed with the trial court), this court cannot determine whether Ms. Menegas invited the instructional error by requesting an identical "to-convict" instruction as the State. *See e.g.*, *State v. Hood*, 196 Wn. App. 127, 133-34, 382 P.3d 710 (2016) (invited error doctrine did not bar review of jury instruction where defendant did not propose his own instructions).

Ms. Menegas also claims that her trial counsel was ineffective for failing to object to the "to-convict" instruction on the grounds that it omitted the State's burden to disprove self-defense as an element of third degree assault.

To prevail on a claim of ineffective assistance of counsel, a defendant carries the burden of demonstrating (1) the attorney's performance was deficient—that is, it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the accused—that is, absent the deficiency there is a reasonable probability that the result of the proceeding would have been different. *State v. Humphries*, 181 Wn.2d 708, 719-20, 336 P.3d 1121 (2014). To rebut the presumption of effective assistance of counsel, the defendant must establish the absence of any "conceivable legitimate tactic explaining counsel's performance." *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004).

Counsel is not deficient where he proposes instructions that comported with a "then-unquestioned WPIC [Washington Pattern Jury Instruction—Criminal]." *See State v. Studd*, 137 Wn.2d 533, 551, 973 P.2d 1049 (1999). However, counsel's reliance on a standard WPIC may constitute deficient performance where several published cases already established the form of the WPIC misstated the law. *Kyllo*, 166 Wn.2d at 865-66.

As explained above, the Washington Supreme Court has recognized it is not error to give a self-defense instruction and a "to-convict" instruction that omits the State's

burden to disprove self-defense, so long as the jury instructions as a whole properly instruct the jury on the applicable law. *Hoffman*, 116 Wn.2d at 109. Unlike the challenged instruction in *Kyllo* (which misstated the mental state required for self-defense), here the "to-convict" and the self-defense instructions given comported not only with the WPICs but also with Supreme Court precedent directly on point. Ms. Menegas cannot demonstrate that trial counsel was deficient for failing to object to the "to-convict" instruction and, accordingly, we do not reach the prejudice prong of the *Strickland*[3] test.

Ms. Menegas's final argument is that this court must strike the $200 filing fee pursuant to the holding in *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State agrees.

House Bill 1783, which became effective June 7, 2018, prohibits trial courts from imposing discretionary legal financial obligations (LFOs) on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269, § 6(3); *Ramirez*, 191 Wn.2d at 738, 747. This change to the criminal filing fee statute is now codified in RCW 36.18.020(2)(h). As held in *Ramirez*, these changes to the criminal filing fee statute apply prospectively to cases pending direct appeal prior to June 7, 2018. *Ramirez*, 191 Wn.2d at 747. Accordingly, the change in law applies to Ms. Menegas's case.

---

[3] *Strickland v. Washington*, 46 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

No. 36031-8-III
*State v. Menegas*

Because Ms. Menegas is indigent, the criminal filing fee must be struck pursuant to *Ramirez*.

## CONCLUSION

The sentence is remanded to strike the criminal filing fee. In all other respects, the sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.

11